**CITY OF BAYTOWN, Appellant,**

v.

**Billy B. ANGEL, Appellee.**

No. 509.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

July 14, 1971.

Rehearing Denied Aug. 11, 1971.

William R. Laughlin, Baytown, for appellant.

Knox W. Askins, La Porte, for appellee.

SAM D. JOHNSON, Justice.

Billy B. Angel, the appellee, instituted this suit against the City of Baytown, the appellant, to enjoin the enforcement of the City's ordinance prohibiting the operation of self-service gasoline stations. The City of Baytown's building inspection department issued the appellee Angel a building permit for the construction of a self-

service gasoline station and thereafter rescinded the building permit insofar as it related to the construction of the station as a customer's self-service station. The city's revocation of the building permit was based upon the existence of the city's ordinance number 912, which prohibited gasoline stations utilizing the customer's self-service method of operation within that city. The trial court found the city's ordinance inconsistent with Art. 1111c–1, Texas Penal Code, and granted a temporary injunction declaring the ordinance void, enjoining its enforcement against appellee, and further enjoining the city from interfering with appellee's construction of a self-service gasoline station pursuant to a validly issued building permit. The city has duly perfected appeal from this temporary injunction.

The City of Baytown is a Home Rule city. The authority of the city charter is Article 11, Sec. 5, of the Texas Constitution, Vernon's Ann.St. On March 14, 1968, the appellant city passed and approved ordinance number 912, which prohibited the operation of self-service gasoline stations within that city. Subsequent to the passage of that ordinance, the 61st Legislature in 1969 enacted a statute, Art. 1111c–1, Texas Penal Code, relating to the storage, handling and use of flammable liquids at retail service stations. Section 2(c) of the Act provides:

> "Sec. 2(c). Nothing in this Act or the rules and regulations promulgated pursuant to this Act shall in any manner be interpreted as prohibiting, or permitting the prohibition of, self-service gasoline station operations, so long as such stations require an attendant to be on the premises."

Thereafter, on February 4, 1971, the appellant city issued a building permit to "Bill Angel's Self-Service" granting permission to erect a self-service gasoline station in the City of Baytown. The appellee Angel thereupon entered into a lease for the property on which the station was to be constructed and entered into purchase contracts for his fixtures and equipment, and commenced construction of the self-service gasoline station. It was at this point that the appellant city, on February 15, 1971, notified the appellee by letter that his building permit was revoked insofar as the same related to the construction of station as a self-service gasoline station. The trial court found that the appellee would suffer irreparable damage to his vested property rights unless the enforcement of ordinance number 912 was enjoined.

The appellant city concedes that ordinance number 912 is void because of inconsistency with state law unless saved from invalidity by Sec. 8 of Art. 1111c–1, Texas Penal Code, which reads as follows:

> "Sec. 8. The provisions of this Act and the rules and regulations promulgated under this Act shall have uniform force and effect throughout the state and no municipality or county shall hereinafter enact or enforce any ordinances, rules or regulations inconsistent with the provisions of this Act or rules and regulations promulgated pursuant to this Act. *Provided, however, that any municipal or county ordinances, rules or regulations in force and effect on the effective date of this Act, shall not be invalidated because of any provision of this Act."* (Emphasis added)

As a general rule in the construction of statutes a general clause is limited or controlled by a special provision. Trinity Universal Ins. Co. v. McLaughlin, Tex.Civ.App., 373 S.W.2d 66, n. r. e.; Commercial Stand. F. & M. Co. v. Commissioner of Ins., Tex.Civ.App., 429 S.W.2d 930, no writ hist. This rule is based upon the principle that a specific clause or statute more clearly evidences the intention of the Legislature. San Antonio and A. P. Ry. Co. v. State, 128 Tex. 73, 95 S.W.2d 680 (Tex.Comm.App., op. adopted). Section 8 of Art. 1111c–1, Texas Penal Code, is a general provision

which preserves those municipal ordinances which are not in conflict with the special provisions of that statute. On the other hand, Sec. 2(c) of such statute is a specific provision evidencing a legislative intent not only to permit but also to disallow the prohibition of self-service gasoline station operations so long as an attendant is on the premises. Sec. 2(c) is a specific provision and is therefore to be regarded as though it were an exception removing it from the operation of the general provision of Sec. 8. We are of the opinion that the Legislature intended to preserve existing municipal ordinances provided that such ordinances do not prohibit the operation of self-service gasoline station operations while an attendant is on the premises. This foregoing is not, however, dispositive of the real issue in this case.

The essential question is whether the Legislature may, under our Texas Constitution, enact a general law which contains authorization therein permitting municipalities to regulate the subject matter of the legislation in an inconsistent manner.

Article 11, Sec. 5 of the Texas Constitution provides that, " * * * no charter or any ordinance passed under said (Home Rule) charter shall contain any provision inconsistent with the Constitution of the State, or of the general laws enacted by the Legislature of this State * * *." It is well established that cities are precluded by this constitutional provision and by statute Art. 1165, Vernon's Ann.Tex.St., from entering a field of legislation which has been occupied by general legislative enactments. Prescott v. City of Borger, Tex.Civ.App., 158 S.W.2d 578, writ ref.; Xydias Amusement Co. v. City of Houston, Tex.Civ.App., 185 S.W. 415, writ ref.; City of Lubbock v. South Plains Hardware Co., Tex.Civ.App., 111 S.W.2d 343, no writ hist. When the legislature enacted Art. 1111c–1, Texas Penal Code, it entered a field of legislation previously covered by the ordinance enacted by the governing authority of the City of Baytown. Sec. 2(c) of the act in question

firmly declares the public policy of the state in permitting and disallowing the prohibition of self-service gasoline station operations so long as an attendant is on the premises. Sec. 8 prohibits subsequent inconsistent municipal ordinances but states, nevertheless, that existing ordinances on the effective date of the act shall not be invalidated because of any provisions of this act. The Texas Constitution, Art. 11, Sec. 5, is viewed as a Superior limitation on municipal authorities and requires ordinances to be consistent with the general law of the state. When, as in the instant case, the legislature enacts a statute in conflict with a prior city ordinance the latter is rendered ineffective. City of Beaumont v. Gulf States Utilities Co., Tex.Civ.App., 163 S.W. 2d 426, writ ref., w. o. m.; Smith v. City of Dallas, Tex.Civ.App., 163 S.W.2d 681, writ ref.

The legislature in Sec. 2(c) of the act in question expressly permits self-service gasoline stations. The appellant would construe Sec. 8 of the act as saving from invalidity inconsistent municipal ordinances in effect on the effective date of the act. Art. 1, Sec. 28 of the Texas Constitution, provides that, "No power of suspending laws in this State shall be exercised except by the Legislature." The Texas Supreme Court has interpreted this section of the Constitution as applicable to municipal ordinances conflicting with state statutes. Brown Cracker & Candy Co. v. City of Dallas, 104 Tex. 290, 137 S.W. 342; McDonald v. Denton, 63 Tex. Civ.App. 421, 132 S.W. 823, writ ref., 104 Tex. 206, 135 S.W. 1148. The Legislature is clearly without constitutional authority to suspend the application of an act in any municipality and therefore cannot empower a municipality to do so. Brown Cracker & Candy Co. v. City of Dallas, supra. The trial court correctly held that the appellant's city ordinance number 912 is void because it is in conflict with the general laws of this state.

The judgment of the trial court is affirmed.