**COUNTY OF ECTOR, Appellant,**

v.

**CITY OF ODESSA, Appellee.**

**No. 6297.**

Court of Civil Appeals of Texas.
El Paso.

Feb. 28, 1973.

Royal E. Caswell, Odessa, for appellant.

Shafer, Gilliland, Davis, Bunton & McCollum, Lucius D. Bunton, Larry R. Sinclair, City Atty., Odessa, for appellee.

OPINION

RAMSEY, Chief Justice.

This is an appeal from a summary judgment. The City of Odessa, Plaintiff-Appellee, brought suit against the County of Ector to recover under a contract for loss of fire fighting equipment. Both parties filed motions for summary judgment and the motion filed by the City was granted. We reverse and remand.

The contract involved was executed on August 22, 1967, whereby the City agreed to furnish to the County fire protection outside its corporate limits and within the confines of the County for the year 1968. The provisions in the contract that are pertinent to this appeal are as follows:

"1.  The County agrees to pay to the City $25,000.00 on or before January 2, 1968.

\*      \*      \*      \*      \*      \*

3.  The County hereby covenants and agrees to save and hold the City harmless from any and all costs, damages, liabilities, or claims of any nature whatsoever which accrue or arise out of the furnishing of said fire protection.

4.  The County hereby covenants and agrees to repair and/or replace any and all equipment which may be damaged or destroyed in connection with the furnishing of said fire protection."

In October, 1968, a fire truck was destroyed. The County paid the City $31,472.30 under the terms of the agreement. The City now seeks to recover the additional sum of $22,500.00, being the difference between the amount paid and the cost of a new truck. The County filed a cross-action to recover back the amount it had paid. The judgment of the trial Court denied any recovery under the County's

cross-action and awarded the City judgment for the amount prayed for, $22,500.-00.

The County assigns three points of error to the Court's action as incorrectly sustaining the motion for summary judgment for the City and denying the County's motion because:

1. The contract was in violation of Article 11, Sec. 7, Constitution of the State of Texas, Vernon's Ann.St.; and,

2. There was no showing that the debt created by the contract was to be paid out of current revenues; and,

3. In not granting the County's motion to recover the monies expended under a void contract.

Points one and two contend that the contract itself is void as being in violation of Art. 11, Sec. 7, of the Texas Constitution. This article provides in part as follows:

" . . . . But no debt for any purpose shall ever be incurred in any manner by any city or county unless provision is made, at the time of creating the same, for levying and collecting a sufficient tax to pay the interest thereon and provide at least two per cent (2%) as a sinking fund; . . . "

■ Express statutory authority exists for the County not only to provide fire protection for citizens of a county residing outside the corporate limits of a city but also for the Commissioners Courts to enter into a contract with any city within the County for the use of such fire fighting equipment "upon such terms and conditions as shall be agreed upon between the Commissioners Court and the governing body of such city." Art. 2351a–1, Vernon's Ann.Tex.Civ.St. The subject matter of the contract is statutorily authorized and not constitutionally prohibited.

At the time the contract was executed, the only obligation immediately incurred by the County was to pay the stated consideration of $25,000.00. This was paid, and

since no complaint is made concerning this portion of the consideration, and no action taken in the proceedings to recover it, the proof is sufficient to support the implied findings of the trial Court as to the validity of the contract at its inception. The City pled in the alternative seeking recovery for the replacement cost or for its loss of equipment.

■ The constitutional provision in Art. 11, Sec. 7, Tex.Const., though by its own wording apparently limited in application, has been expanded by Court construction, to include any pecuniary obligation imposed by contract, except such as was, at the time of the agreement, within the lawful and reasonable contemplation of the parties, to be satisfied out of current revenues for the year or out of some fund then within the immediate control of the County. McNeill v. City of Waco, 89 Tex. 83, 33 S.W. 322 (1895); T. & N. O. R.R. Co. v. Galveston County, 141 Tex. 34, 169 S. W.2d 713 (Tex.Comm'n App.1943, opinion adopted). Compliance with such constitutional requirement forms the basis for the decision in Brown v. Jefferson County, 406 S.W.2d 185 (Tex.Sup.1966), wherein an indemnity agreement was involved.

■ Even though both parties filed a motion for summary judgment, this does not relieve the trial Court from determining whether or not a fact issue exists. McDonald, Texas Civil Practice, Vol. 4, Sec. 17.26.12, p. 182.

■ The contract itself was for a period of only one year, 1968. The consideration for services to be rendered was payable on or before January 2, 1968. When this payment was actually made does not appear in the record. The payment of $31,472.30 was made on October 12, 1971. There is nothing in the record to show why this payment was made at that time. The important question still remains as to whether or not the County's alleged obligation is a constitutionally prohibited debt. There is no evidence in the record to show

whether or not the payment was contemplated to be made out of current revenues or out of funds within the immediate control of the County. This matter is fundamental and necessary for the City to recover. The matter is likewise vital in determining the County's attempting avoidance under the terms of the agreement. We thus hold that this is a material fact issue which must be resolved before summary judgment could be granted for either party.

For the reasons stated, we reverse and remand the case to the trial Court.