

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

April 12, 1974

The Honorable John R. MacLean
County Attorney
Johnson County Courthouse
P. O. Box 350
Cleburne, Texas 76031

Opinion No. H- 279

Re: The authority of a
county to provide for
fire protection when
the county is coter-
minous with a rural
fire prevention district

Dear Mr. MacLean:

Your first question asks:

"whether the Commissioners Court of Johnson
County may contract with the City of Cleburne for
rural fire protection when, by a vote of the people,
the entire County was established as a rural fire
prevention district."

Rural Fire Prevention Districts are authorized by Article 3, § 48-d,
of the Texas Constitution which provides:

"The Legislature shall have the power to provide
for the establishment and creation of rural fire pre-
vention districts and to authorize a tax on the ad
valorem property situated in said districts not to
exceed Three (3¢) Cents on the One Hundred ($100.00)
Dollars valuation for the support thereof; provided
that no tax shall be levied in support of said districts
until approved by vote of the people residing therein."

Pursuant to this provision of the Constitution the Legislature enacted
Article 2351a-6, Vernon's Texas Civil Statutes, which establishes the
means of creating rural fire prevention districts and outlines their powers
and duties.

p. 1300

Another means of providing fire protection to residents of rural areas is set out in Article 235la-1:

> "The Commissioners Court in all counties of this State shall be authorized to furnish fire protection and fire-fighting equipment to the citizens of such county residing outside the city limits of any incorporated city, town or village within the county and/or adjoining counties. The Commissioners Court shall have the authority to purchase fire trucks and other fire-fighting equipment by first advertising and receiving bids thereon, and is hereby authorized to issue time warrants of the county and to levy and collect taxes to pay the interest and principal thereon as provided by law. The Commissioners Court of any county of this State shall also have the authority to enter into contracts with any city, town or village within the county and/or adjoining counties, upon such terms and conditions as shall be agreed upon between the Commissioners Court and the governing body of such city, town or village, for the use of the fire trucks and other fire-fighting equipment of the city, town or village."

See, County of Ector v. City of Odessa, 492 S.W. 2d 360 (Tex. Civ. App. Amarillo, 1973, no writ).

It has been suggested that the powers given a rural fire prevention district are exclusive and preclude the exercise of similar powers by the commissioners court. The provisions advanced to support this conclusion include the language of § 10, Art. 235la-6, V. T. C. S., which provides "[s]uch fire protection districts . . . shall have full authority to carry out the objects of their creation . . . ." and the portion of § 14 of the same statute providing that "[t]he Board of Fire Commissioners shall administer all the affairs of said district in accordance with the provisions of this Act. . . ." While these two passages suggest the power of fire prevention districts is plenary, we do not believe they lend support, either expressly or impliedly, to the proposition that the power is exclusive.

Although it well may be impractical and inefficient for a county to provide rural fire protection when that duty also is assigned to a rural fire prevention district, it is our opinion that a county is not precluded from doing so.

Your second question assumes an affirmative answer to the first question and asks:

> "which governmental unit would be responsible for civil liability relating to the furnishing of the services in the light of [Article 4413(32c), §4(g), Vernon's Texas Civil Statutes]?"

Section 4(g) of the Interlocal Cooperation Act, Article 4413(32c), Vernon's Texas Civil Statutes, provides:

> "(g) When governmental units enter a contract or agreement for the furnishing of fire protection services, any civil liability related to the furnishing of those services is the responsibility of the governmental unit which would be responsible for furnishing the services absent the contract or agreement."

A portion of Article 2351a-1 (quoted in part above) which authorizes commissioners courts to provide fire protection also relates to liability for acts committed by persons furnishing fire protection service under contract. That article provides in part:

> "It is specifically provided that the acts of any person or persons while fighting fires, traveling to or from fires, or in any manner furnishing fire protection to the citizens of a county outside the city limits of any city, town or village, shall be considered as the acts of agents of the county in all respects, notwithstanding such person or persons may be regular employees or firemen of a city, town or village. No city, town or village within a county and/or adjoining counties shall

be held liable for the acts of any of its employees
while engaged in fighting fires outside the city
limits pursuant to any contract theretofore entered
into between the Commissioners Court of the county
and the governing body of the city, town or village. "

We believe these two statutes must be construed together. Article 235la-1 is the more specific statute and must prevail over the general provisions of the Interlocal Cooperation Act. City of Baytown v. Angel, 469 S. W. 2d 923 (Tex. Civ. App. Houston [14th Dist.] 1971, writ ref'd, n. r. e.); Commercial Standard Fire and Marine Co. v. Commissioner of Insurance, 429 S. W. 2d 930 (Tex. Civ. App., Austin, 1968, no writ), 53 Tex. Jur. 2d, Statutes, § 161. Therefore, it is our opinion that the county would be liable for acts of a city employee committed while the city was fulfilling a contractual obligation to the county to fight fires.

## SUMMARY

A county is not precluded from contracting with
a city to provide fire protection outside the city limits
merely because the county is coterminous with a rural
fire prevention district. If a question of tort liability
arose due to acts committed under the contract between
the county and the city, Article 235la-1 would control
the liability of the parties.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee