

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL,
ATTORNEY GENERAL

January 12, 1977

The Honorable Joe Christie  Opinion No. H-923
Chairman
State Board of Insurance  Re: Required presence
1110 San Jacinto  of attendants at self-
Austin, Texas  78786  service gasoline stations.

Dear Chairman Christie:

You have requested our opinion regarding whether article 9201, V.T.C.S., requires the presence of attendants at self-service gasoline stations.

Article 9201 empowers the State Board of Insurance to

> formulate, adopt, and promulgate rules and regulations for the safe storage, handling and use of flammable liquids at retail service stations within the scope provided by Sections 4, 5 and 6 of this Act. Sec. 2(a).

Article 9201 confers broad authority upon the Board to regulate flammable liquids which are stored on the premises of retail service stations.  Section 2(c) provides, however:

> Nothing in this Act or the rules and regulations promulgated pursuant to this Act shall in any manner be interpreted as prohibiting, or permitting the prohibition of, self-service gasoline station operations, so long as such stations require an attendant to be on the premises.

You inquire whether section 2(c) requires that every self-service gasoline station have an attendant, or whether it merely permits the Board to impose such a requirement.

Section 2(c) is "to be regarded as though it were an exception" to the general regulatory scheme of the statute. City of Baytown v. Angel, 469 S.W.2d 923, 925 (Tex. Civ. App. -- Houston [14th Dist.] 1971, writ ref'd n.r.e.). It states that, whatever else the Board may do with regard to regulation under article 9201, it may not prohibit the operation of any self-service gasoline station which requires an attendant to be on the premises. Section 2(c) is silent, however, as to unattended stations, and the Board's authority to permit or prohibit them.

It is well established that exceptions to a statute indicate that the statute is applicable in all cases not specifically excepted. State v. Richards, 301 S.W.2d 597, 600 (Tex. Sup. 1957). An exception to a statute should be strictly construed, particularly where it is regulatory in nature. See Securities & Exchange Comm'n v. Ralston Purina Co., 346 U.S. 119, 126 (1953); A.H. Phillips, Inc. v. Walling, 324 U.S. 490 (1945); Securities & Exchange Comm'n v. American Int'l Savings & Loan Ass'n, Inc., 199 F. Supp. 341, 347 (D. Md. 1961); Gulf States Utilities Co. v. State, 46 S.W.2d 1018, 1026 (Tex. Civ. App. -- Austin 1932, writ ref'd); Missouri K.T.R.R. of Texas v. Thomason, 280 S.W. 325, 327 (Tex. Civ. App. -- Austin 1926, writ ref'd). In our opinion, therefore, section 2(c) merely prohibits the Board from proscribing the operation of any attended self-service gasoline station merely because it is a self-service operation. Since the statute does not expressly prohibit unattended stations, we believe that it contemplates that any decision as to their prohibition is to be made by the Board, in accordance with the general regulatory design of the statute.

### S U M M A R Y

Section 2(c) of article 9201, V.T.C.S., does not require the presence of an attendant at every self-service gasoline station, but merely permits the State Board of Insurance to impose such a requirement.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

p. 3867

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb