

# The Attorney General of Texas

August 14, 1985

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Robert Bernstein, M.D., F.A.C.P.
Commissioner of Health
Texas Department of Health
1100 West 49th Street
Austin, Texas   78756

Opinion No.   JM-336

Re: Authority of a joint city-county public health district to issue licenses, exact fees and impose fines for non-compliance with its rules

Dear Dr. Bernstein:

You have requested our opinion regarding the authority of a public health district organized pursuant to the Local Public Health Reorganization Act [hereinafter the "Act"] to issue licenses, exact fees, and impose fines for noncompliance with the rules throughout the jurisdiction of the public health district. Article 4436b of the Act was amended by the Sixty-ninth Legislature with the enactment of House Bill No. 1114. See Acts 1985, 69th Leg., ch. ___, §___, at ____ (not yet published). The amended provisions of the Act will go into effect on August 26, 1985. Although it appears that your question did not contemplate the enactment of House Bill No. 1114, this opinion will consider the effect of that recent enactment.

Section 4.02 of article 4436b, V.T.C.S., provides that:

> A public health district is authorized to perform the public health functions that any of its members is authorized to perform unless otherwise restricted by law.

A public health district may be composed of a combination of cities and/or counties. See V.T.C.S. art. 4436b, §4.01. Section 2.01 of article 4436b, V.T.C.S., authorizes the governing bodies of cities and counties "to enforce any law which is reasonably necessary to protect the public health." Once a public health district has established an administrative board, the board is authorized:

> to adopt substantive and procedural rules which are necessary and appropriate to promote and preserve the health and safety of the public within its jurisdiction; provided that no rule adopted shall be in conflict with the laws of the

> state or the ordinances of any member municipality or county. (Emphasis added).

V.T.C.S. art. 4436b, §4.03(b). In addition to the underlined portions above, the legislature has further limited the board's authority to adopt rules and regulations in the most recent amendment by providing that:

> nothing in this Act shall be construed to grant the board of any district created hereunder the power to adopt rules or regulations for any part of the district which are not otherwise specifically authorized by state law. (Emphasis added).

Acts 1985, 69th Leg., ch. ___, §7, at ___ (not yet published) (V.T.C.S. art. 4436b, §4.09(f)). Accordingly, we must determine whether there is specific statutory authority for the public health district's administrative board to issue licenses, exact fees, and impose fines for noncompliance with its rules.

A public health district has been granted the limited authority to exact fees. The Act specifically provides:

> Sec. 4.08(a). The governing body of an incorporated municipality, the commissioners court of a county, or the administrative board of a public health district may adopt ordinances or rules to charge fees for public health services subject to the following:
>
> (1) no individual shall be denied public health services because of inability to pay for services, and the . . . district shall make provisions for a reduced fee or no fee for individuals unable to pay for services in whole or in part; and
>
> (2) if a . . . public health district receives state support for the provision of public health services, then the Uniform Grant and Contract Management Act of 1981 (Article 4413(32g), Vernon's Texas Civil Statutes), and standards adopted pursuant to that Act shall control where applicable.

V.T.C.S. art. 4436b, §4.08(a), as amended by Acts 1985, 69th Leg., ch. ___, §6, at ___ (not yet published). See also section 4.08(b) (definition of "public health services"). We conclude that it is only

under these limited circumstances that an administrative board of a public health district may exact fees for the provision of health services. Cf. Nueces County v. Currington, 162 S.W.2d 687 (Tex. 1942).

Next we consider whether the authority granted to governing bodies of cities and counties under section 2.01 to "enforce" any law to protect the public health is specific statutory authority for the imposition of fines by a public health district for noncompliance with its rules. We think not. Section 2.01 is a general provision which authorizes cities and counties to enforce laws enacted to protect the public health. The provision does not prescribe any particular method for the enforcement of these laws. When read together with the specific limitation on the authority of the board imposed in section 4.09(f), the provision is insufficient to authorize the public health district's administrative board to impose fines for noncompliance with its rules. See City of Baytown v. Angel, 469 S.W.2d 923 (Tex. Civ. App. - Houston [14th Dist.] 1971, writ ref'd n.r.e.) (a general provision in a statute is limited or controlled by a specific provision). We have not discovered any specific state law authorizing this manner of enforcement by a public health district.

With regard to the authority of the administrative board of a public health district to issue licenses, we have not found any specific statutory provision authorizing this conduct by the board. We believe that the limitation imposed in section 4.09(f) prohibits the issuance of licenses unless the legislature determines to specifically authorize it.

## S U M M A R Y

A public health district's administrative board organized pursuant to the Local Public Health Reorganization Act, article 4436b, V.T.C.S., is authorized to exact fees for health services within the limitations imposed in section 4.08. However, the district is without specific statutory authority to issue licenses, or impose fines for noncompliance with its rules.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tony Guillory
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton
Sarah Woelk