

# THE ATTORNEY GENERAL
## OF TEXAS

September 23, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable Joe Lucas
El Paso County Attorney
Room 201, City-County Building
El Paso, Texas 79901

Opinion No.JM-793

Re: Authority of a local adminis-
trative public health board to
adopt rules

Dear Mr. Lucas:

You ask:

> May an administrative public health board adopt
> substantive and procedural rules or have those
> rulemaking powers been effectively repealed by the
> 1985 amendment to Rev. Civ. Stat. Ann. Art. 4436b?

Factual information furnished by you reflects that the city of El
Paso and El Paso County established a public health district pursuant
to article 4436b, V.T.C.S.

Section 4.02, of article 4436b provides as follows:

> A public health district is authorized to
> perform the public health functions that any of
> its members is authorized to perform unless
> otherwise restricted by law.

Section 4.03(b) states in pertinent part:

> An 'administrative public health board' shall have
> the authority to adopt substantive and procedural
> rules which are necessary and appropriate to
> promote and preserve the health and safety of the
> public within its jurisdiction; <u>provided that no
> rule adopted shall be in conflict with the laws of
> the state or the ordinances of any member
> municipality or county.</u> (Emphasis added.)

The 1985 amendment about which you inquire, section 4.09(f), of
article 4436(b) states that

> nothing in this Act shall be construed to grant the board of any district created hereunder the power to adopt rules or regulations for any part of the district which are not otherwise specifically authorized by state law. (Emphasis added.)

In Attorney General Opinion JM-336 (1985), it was concluded that the 1985 amendment was a further limitation upon the board's authority to adopt rules and regulations. In responding to questions about the authority of a public health district's administrative board to issue licenses, exact fees, and impose fines for non-compliance with its rules, Attorney General Opinion JM-336 stated that there must be specific statutory support for a board to take such action.

We believe the analysis made in Attorney General Opinion JM-336 on the matter of whether a public health district has authority to impose fines for noncompliance with its rules provides a good example of the limitation imposed upon the board's authority by section 4.09(f). There it was stated:

> Next we consider whether the authority granted to governing bodies of cities and counties under section 2.01 to 'enforce' any law to protect the public health is specific statutory authority for the imposition of fines by a public health district for noncompliance with its rules. We think not. Section 2.01 is a general provision which authorizes cities and counties to enforce laws enacted to protect the public health. The provision does not prescribe any particular method for the enforcement of these laws. When read together with the specific limitation on the authority of the board imposed in section 4.09(f), the provision is insufficient to authorize the public health district's administrative board to impose fines for noncompliance with its rules. See City of Baytown v. Angel, 469 S.W.2d 923 (Tex. Civ. App. - Houston [14th Dist.] 1971, writ ref'd n.r.e.) (a general provision in a statute is limited or controlled by a specific provision). We have not discovered any specific state law authorizing this manner of enforcement by a public health district.

We conclude that a public health board may enact only such rules as may be specifically authorized by state law.[1]  No rule adopted may be in conflict with the laws of the state or the ordinances of any member municipality or county.

## S U M M A R Y

A public health district's administrative board organized pursuant to article 4436b, V.T.C.S., may adopt such rules and regulations as may be specifically authorized by state law.

Very truly yours,

JIM  MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General

---

[1] Additional authority was given to cities, towns and villages by amendment to article 4436, V.T.C.S., by the recent regular session of the legislature.  Senate Bill 1395, Acts 1987, 70th Leg., ch. 329, at 3452, eff. Aug. 31, 1987, authorizes ordinances requiring owners of property to eliminate certain unsanitary conditions.