### STOKES et al. v. SUNDERMEYER.

### No. 11523.

Court of Civil Appeals of Texas. Galveston.

April 1, 1943.

Rehearing Denied April 22, 1943.

584

W. D. Avra, of Houston, for appellants.

A. F. Sundermeyer, of Houston, for appellee.

CODY, Justice.

This was a suit by A. F. Sundermeyer, of Houston, in which he recovered judgment against appellants in the sum of $100 each, for legal services.

The services, it seems, were rendered between February 7, and August 15, 1941. The chief defense urged to defeat recovery was that at the time the legal services were rendered Mr. Sundermeyer had forfeited his membership in the State Bar for non-payment of membership dues and was thereby disabled to practice law.

Upon the trial of the case, the appellants introduced the following certificate of the Clerk of the Supreme Court, and to its introduction no objection was urged by appellee:

"I, S. A. Philquist, Clerk of the Supreme Court of Texas, do hereby certify that the records of my office shown that A. F. Sundermeyer, of Houston, Harris County, Texas, was duly licensed to practice law in this State by the Court of Civil Appeals of the First Supreme Judicial District, at Galveston, Texas, on the 27th day of November, 1912; that he was enrolled as an attorney in the Supreme Court of Texas on June 25th, 1917. I further certify that, according to the records of my office, said Sundermeyer did not pay his membership dues in the State Bar for any period prior to June 1, 1941. I further certify that he did pay his membership dues in the State Bar for the period beginning June 1st, 1941, and ending May 31st, 1942, and a membership card numbered 8683, was issued to him, such payment being made on the 14th day of May, 1942.

"In testimony whereof, witness my hand and seal of the Supreme Court of Texas, this the 6th day of June, 1942.
"(Seal)          S. A. Philquist, Clerk,
                    "By  J. P. Byrne,
                         "Deputy."

The fiscal year of the State Bar is from June 1, until May 31 of the succeeding year. Supreme Court Rules, approved February 22, 1940, Sec. 3, Art. VI. The annual membership dues of each member of the State Bar is a sum not in excess of $4, payable to the Clerk of the Supreme Court on June 1, of each year. Id. Sec. 4, Art. IV. A member who remains in default in paying his dues for sixty days shall be regarded as delinquent, and it is made the duty of the Clerk of the Supreme Court to give such delinquent written notice of such delinquency. Then, if such delinquent member fails for thirty days after given such written notice to pay his membership dues, he shall cease to be a member, subject to reinstatement, upon payment of his dues. "If at the end of ninety days after June 1, a member has not paid to the Clerk membership dues for the current year, the Clerk shall strike from the rolls of the State Bar the name of the delinquent member." Id. Sec. 5, Art. IV.

The portion of section 5, Art. IV of the Supreme Court Rules which is quoted verbatim above would seem to contemplate that the Clerk, without any judicial determination of a member's delinquency, shall upon his own determination of such delinquency deprive a member of membership in the State Bar. Whether he has any such power, however, is not a question before us for determination. The preceding portion of section 5 makes it the duty of the Clerk to notify a member of his failure to pay his dues, and give a member 30 days' time after such notice before his membership is subject to forfeiture. Mere delinquency in payment of membership dues does not, ipso facto, work a forfeiture of membership, but at most renders a member vulnerable to forfeiture upon written notice, etc.

There is no merit in appellants' chief contention that Mr. Sundermeyer was shown to have ceased to be a member of the State Bar for delinquency in payment of membership dues, and thereby disabled to practice law, and to recover compensation for legal services rendered by him.

Judgment affirmed.