**Elbert HILL, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**Nos. 38163, 38164.**

Court of Criminal Appeals of Texas.

May 5, 1965.

Rehearing Denied June 16, 1965.

Second Rehearing Denied Oct. 13, 1965.

------◆------

Pearson Grimes, of Butler, Binion, Rice, Cook & Knapp, Houston (on appeal only), for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, James C. Brough and Joe Shaffer, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Presiding Judge.

The above styled causes present the same questions on appeal. Hence, they are consolidated for review and disposition. One conviction is for felony theft with the punishment assessed at ten years; the other is for burglary with the punishment assessed at two years.

On March 11, 1964, the appellant was indicted for the offense of burglary, and the offense of felony theft with two prior convictions alleged for enhancement. The appellant was also charged by indictment with two other felonies, one for theft and the other for burglary.

On November 9, 1964, Desmond E. Gay, was appointed by the court to represent the appellant in said cases. After such appointment, Gay investigated the cases and advised and counseled with the appellant. The theft and burglary cases (not the two here on appeal), and the enhancement allegations in the indictment for burglary returned March 11 were dismissed upon recommendation of the state. Following the dismissals, the appellant on November 9, 1964, entered a plea of guilty, before the court without a jury, to the burglary and theft indictments returned March 11. After all procedural requirements had been complied with, including the introduction of sufficient evidence to authorize the convictions, the court found the appellant guilty in each case, and assessed his punishment at two years in the burglary case and ten years in the theft case. Sentence was pronounced on November 9, 1964. Notice of appeal was given on November 16, 1964.

For reversal the appellant relies upon the following contentions, as stated in his brief:

"Appellant's Points of Error concern only the matter of failure of the trial court to furnish appellant with a qualified attorney at law to represent him on November 9, 1964, or, having discovered such error to grant him a new trial."

It is undisputed that on November 9, 1964, Desmond E. Gay, was appointed by the trial court to represent the indigent appellant in the burglary case and the theft case with prior convictions alleged for enhancement; that Gay had failed to timely pay his annual State Bar dues in 1964, and was removed from the State Bar membership roll on September 1, 1964, due to nonpayment of such fee; and that he was reinstated on November 30, 1964, upon payment of said fee and has continued in good standing.

The record further shows that Desmond E. Gay was admitted to the State Bar of Texas in April, 1954, and has been continuously engaged in the practice of law since that date; that he had annually tried twenty to twenty-five criminal cases upon

pleas of not guilty, and that many of them were for similar offenses as those in the instant cases. After investigation and counselling, and upon the state dismissing the enhancement allegations in the instant theft case and also two other felony cases, Gay advised the appellant to plead guilty to the instant cases of theft and burglary.

The written statement of the judges of four criminal district courts in Harris County, including the judge who tried the instant cases, recites as follows:

"This is to certify we have known the attorney Desmond E. Gay for a number of years, and that he has practiced in our Courts as long as each of us has been Judge of our respective Courts. He has regularly appeared and defended clients who have retained him, and he has accepted appointments to represent indigent defendants during all of this time in our Courts. It is our opinion that he is a competent lawyer and well qualified to represent defendants in criminal cases."

Another judge of another criminal district court in Harris County relates facts in his written statement which show the ability of Gay in the trial of criminal cases before him; and the judge further states that, " * * * he has appeared regularly in my court (for ten years) and I consider him competent to represent defendants in criminal cases."

To support his contentions for reversal the appellant relies upon Martinez v. State, 167 Tex.Cr.R. 97, 318 S.W.2d 66 (1958), which was followed in McKinzie v. Ellis, 5th Cir., 1961, 287 F.2d 549.

We shall first address ourselves to the Martinez case, supra. There the court-appointed attorney failed to pay his bar dues in 1946. After proper notice that he was delinquent, he made no response and his name was removed from the State Bar rolls in 1946 for non-payment of dues. This sole contention was brought before this Court on Appellant's Motion for Rehearing with a certificate attached from the bookkeeper for the State Bar of Texas, dated September 3, 1958, reflecting that appellant's attorney "has not paid his State Bar dues since June 1, 1946, a delinquent notice was sent on August 1, 1946, from which no reply was received, and he was dropped from the rolls of the State Bar on September 1, 1946, and has not been reinstated to this date." Since this Court obviously did there consider matters not appearing in the record made in the trial court and those which attack its jurisdiction on an appeal, we think it not amiss to here state that the attorney in Martinez's case, as shown from the records of the Office of the Clerk of the Supreme Court of Texas, did pay up all of his delinquency from 1946 through 1958 on September 24, 1958. The record reflects that Martinez was indicted November 13, 1957, for an offense alleged to have been committed on October 14, 1957, the Court appointed an attorney for him on November 14, 1957, and his case went to trial on January 20, 1958, and the trial was concluded on January 24, 1958. This Court's original opinion was handed down on June 18, 1958, affirming the conviction, wherein the penalty of death was assessed for the murder of a 9 month old child. The majority opinion of this Court on Appellant's Motion for Rehearing was handed down on November 5, 1958, granting the motion for rehearing, setting aside the order of affirmance and reversing and remanding the case. We are not in accord with this Court's decision in the Martinez case. We do, however, construe the State Bar rules in the same light as this Court there did, and as the 5th Circuit did in McKinzie, supra. That is, the delinquent attorney shall *cease to be a member if he doesn't pay* within 30 days after he has had notice of 60 days delinquency. The section immediately preceding this one does say: "[A]ll persons not members of the State Bar are *hereby prohibited from practicing law in this State*". Neither the State Bar rules nor the statutes contain a provision saying anything about such person being deprived of his license as an attorney

at law. The rúles of the State Bar place the judges of the various trial and appellate courts of this State in a position to refuse a delinquent attorney-member the privilege of practicing law, and these rules do place the lawyer whose name has been stricken from the rolls of the State Bar for non-payment of dues and *who has not been reinstated,* in the position of not being able to practice in this State, and if he persists in doing so, the lawyer's continued practice constitutes the unauthorized practice of law.

■ The status of a delinquent attorney not being a member of the State Bar of Texas does not place him in the position of being "unlicensed to practice law in this State". *He only has to pay his dues* (he does not vacate the office of Attorney-at-Law) to resume his status as a "practicing lawyer". Such attorney does not have to again show his fitness or qualifications to practice law. He does not have to be re-admitted to the practice. His competency as an attorney has not been diminished. He faces no future disbarment proceedings. He automatically resumes his status as an active member of the State Bar of Texas. The payment of his delinquent dues has the same effect for him as a nunc pro tunc judgment. He, in effect, enters a nunc pro tunc judgment for himself. Ex parte Lefors, 171 Tex.Cr.R. 229, 347 S.W.2d 254, at page 255.

■ It is clear to us that the State Bar Act is retroactive in its application. When the delinquent attorney-member pays his delinquent dues he then is restored to the status that he occupied prior to becoming delinquent. In Stokes v. Sundermeyer, Tex. Civ.App., 170 S.W.2d 583, the attorney, Sundermeyer, was notified that he was delinquent for the year 1941 in payment of his bar dues. He paid such dues on May 14, 1942, for the fiscal year beginning June 1, 1941, and ending May 31, 1942. The Galveston Court of Civil Appeals held that Mr. Sundermeyer was not precluded from recovering compensation for legal services rendered between February 7 and August 15, 1941, on the ground that he was disqualified to practice law during such period because of forfeiture of his bar membership for non-payment of dues. Writ of error was refused, no reversible error, by our Supreme Court of Texas.

Martinez's attorney had "purged" himself of his delinquency before this Court disposed of his case on rehearing. No contention was made as to his competency. We think that this Court fell into error in not holding said attorney qualified and competent. Just as Mr. Sundermeyer's acts as an attorney were revitalized by the payment of his delinquency and given validity during the interim period of his suspension from membership, so were the acts of Martinez's attorney revitalized and given validity.

Martinez, supra, is overruled.

■ We construe the opinion of the 5th Circuit in McKinzie's case, supra, as being bottomed on our opinion in Martinez. We entertain no doubt that an indigent defendant in a non-capital case is entitled to be represented by competent court-appointed counsel just as much as an indigent defendant in a capital case. We here and now disclaim any effort to distinguish the two types of cases as was attempted in McKinzie's case. We do, however, feel that our disavowal of this Court's holding in Martinez's case will cause the various Federal Courts to take a new appraisal of questions of this kind in light of our opinion herein.

■ In the cases at bar, the attorney, Desmond E. Gay, tried these cases on November 9, 1964, and he paid his delinquent State Bar dues on November 23, 1964. He was reinstated on November 30, 1964, and has continued in good standing. We have before us the case of an attorney who has "purged" himself of delinquency. His acts during the period when his name was removed from the membership roll of the

State Bar of Texas were valid and were revitalized when he paid up his delinquency.

May we illustrate a situation like the one at bar, were the case reversed upon the grounds that appellant urges; then, on a retrial, appellant is represented by an attorney not shown to be delinquent in his State Bar dues, at which time the District Attorney places upon the stand as a witness for the state the attorney who was a delinquent member and attempts to adduce from said attorney the gist of a conversation had with appellant during the time that said attorney was "counsel" in the case; does any member of the bench or bar of this State doubt that an immediate objection would be taken that this conversation was a privileged communication between attorney and client and that the trial court would sustain it? That situation could well arise and such an objection and ruling would be contrary to our holding were we to reverse this case upon appellant's contention. Under the doctrine of stare decisis (assuming such case were appealed) we would then be compelled to reverse such a case, were we to reverse this one.

The evidence, which was stipulated, is sufficient to sustain the convictions.

Finding no reversible error, the judgments are affirmed.

MORRISON, Judge (dissenting).

I respectfully dissent to the affirmance of these convictions and to the overruling of Martinez v. State, 167 Tex.Cr.R. 97, 318 S.W.2d 66. It will only require a short research by any member of the bar to pass upon the soundness of such opinion. It is vital to remember that at Martinez' first trial there were no formal or informal bills of exception and no objection to the Court's charge. Appellant's brief on original submission in a death penalty conviction consisted of two pages of generalities. It was only upon rehearing that the writer discovered that this Court had so lightly affirmed a death penalty conviction.

Upon retrial Martinez was represented not only by a legally licensed lawyer, but by one of the most capable in our field, as is demonstrated by the opinion which I prepared for this Court. Martinez v. State, 169 Tex.Cr.R. 229, 333 S.W.2d 370. Every accused and especially those in death penalty cases is entitled to, as we said in Brown v. State, 168 Tex.Cr.R. 67, 323 S.W.2d 954, "at least one *tolerably fair trial*." This Martinez did not secure at his first trial and this he did get on his second trial. I retreat not one step from what I said in both cases.

Aside from this, it is quite clear from the reasoning in McKinzie v. Ellis, 5 Cir., 287 F.2d 549, that these convictions should not stand.

## ON APPELLANT'S MOTION FOR REHEARING

WOODLEY, Judge.

The writer's views as to Martinez v. State, 167 Tex.Cr.R. 97, 318 S.W.2d 66, are set out in his dissent therein.

If, as has been suggested, the reversal of the conviction in Martinez v. State was due in part at least to the fact that no bills of exception were preserved, or was for any reason other than that counsel appointed to defend was not a member of the State Bar because he had been suspended for failure to pay his dues, the Martinez case is not authority for setting aside these convictions.

This is so because the records do not reflect that Desmond E. Gay, who was appointed to represent appellant, was not qualified to represent defendants in criminal cases and there is nothing in the records before us in these appeals which suggests that Mr. Gay failed in any way to adequately and competently advise appellant and represent him in his trial before the court on his pleas of guilty. The only attack upon his qualifications is bottomed upon his failure to timely pay his bar dues.

**906**

If Martinez v. State, 167 Tex.Cr.R. 97, 318 S.W.2d 66, may be construed as requiring the setting aside of a conviction upon a plea of guilty before the court upon a showing that counsel appointed by the court to represent him was delinquent in payment of his bar dues, we remain convinced that it should be overruled.

In addition to the ground for reversal common to both appeals, it is now contended that the conviction for felony theft with punishment assessed at 10 years (before us in Cause No. 38,164) must be reversed because there is no showing in the record that appellant and his attorney were given the statutory time in which to prepare for trial, in violation of appellant's rights under Art. 494, Vernon's Ann.C.C.P., and his right to counsel for his defense under the Sixth Amendment to the Constitution of the United States was therefore denied.

In support of this contention advanced for the first time on motion for rehearing, appellant cites Art. 494, V.A.C.C.P. and the cases of Ex parte Gudel, Tex.Cr.App., 368 S.W.2d 775; Bennett v. State, Tex.Cr. App., 382 S.W.2d 930; and Ex parte Cooper, Tex.Cr.App., 388 S.W.2d 939. The writer dissented in the latter case.

The state correctly points out that the formal bills of exception appearing in the transcript were not filed within the 90 days allowed by statute, and the record is silent as to when the trial judge appointed counsel to represent the defendant in the felony theft case.

■ It follows that there is no affirmative showing in the record that appellant and his counsel were not allowed 10 days to prepare for trial in the felony theft case and no affirmative showing that such time was not waived in writing. Also there is no affirmative showing that the waiver signed by appellant and his counsel bearing only the number of the burglary case was not intended to apply to both cases tried before the court the same day upon stipu-lated facts and agreement as to the punishment to be recommended.

Appellant's motions for rehearing are overruled.

McDONALD, Presiding Judge (concurring.)

I concur with the results reached by Judge WOODLEY in these two cases. I think the waiver is applicable to both cases where the cases are tried upon stipulated evidence and upon agreement as to the punishment to be recommended, as was here done. If appellant had time to get ready to stipulate and agree and waive in one case, then what else could he get ready for? He waived in both cases very effectively.