Doris Jean PARRISH, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–91–0301–CR.

Court of Appeals of Texas, Amarillo.

Sept. 15, 1992.

Kerry F. Piper, Lubbock, for appellant.

Travis S. Ware, Dist. Atty., Lubbock, Michael West, Asst. Criminal Dist. Atty., for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

REYNOLDS, Chief Justice.

Represented by appointed trial counsel in a jury trial, appellant Doris Jean Parrish was found guilty of the offense of theft of property of the value of less than $750, elevated to a felony offense by two prior misdemeanor theft convictions; and the jury, finding she had a previous felony conviction, assessed her punishment at 20 years confinement and a $10,000 fine. Represented by another appointed counsel on appeal, appellant contends (1) she was denied her right to effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution, and (2) the trial court erred in denying her motion for new trial after being advised that her trial counsel's license to practice law was suspended effective on a date prior to trial. For the reasons to be stated, we will overrule the points of error and affirm the judgment.

Because appellant does not challenge the sufficiency of the evidence to sustain her conviction, it suffices to record that Sergeant Roberto Garza of the Lubbock County Sheriff's office, while employed by K–Mart as a part-time security guard, observed appellant removing a pair of shoes from a display. Her actions led him to believe she had put the shoes in her purse, and he stopped her when she walked past the cash registers and entered the store's foyer. As Sergeant Garza was escorting appellant to the K–Mart security office, the store manager observed that appellant had

her hand in her purse. When the sergeant saw appellant make a motion in front of her, he grasped and pulled her arm, and the manager watched as her hand and the shoes came out of the purse. The shoes and her purse, with its contents, fell to the floor. The items were retrieved, and Sergeant Garza described the spilled contents of appellant's purse as "tissues, condoms, vaseline, and ... small tweezers." There was no wallet or checkbook, and a later inventory revealed ten cents in money.

Initially, we will consider appellant's second-point contention that the trial court erroneously denied her motion for new trial on the ground that her trial counsel's license to practice law had been suspended on a date prior to trial. Appellant's trial commenced on 23 October 1991 with her representation by appointed counsel Ricardo Martinez. The next day, shortly before the jury returned its verdict, the trial court received notice from the Supreme Court of Texas that Martinez's license to practice law was suspended effective 1 September 1991 for nonpayment of his State Bar of Texas dues.

At the 11 November 1991 hearing on appellant's motion for new trial, where appellant was represented by another attorney, the trial court was requested to, and did, take judicial notice of the suspension and that the notice thereof, in the court's words, "was received by the court on the last day of trial in this cause shortly before the jury verdict." The court was also requested to take judicial notice that subsequent to appellant's trial, Martinez surrendered his license and was disbarred from the practice of law in the State of Texas; however, the court only committed itself to the "understanding that shortly within days of this trial he surrendered his license." The court's understanding was correct, for on 3 February 1992, the Supreme Court accepted Martinez's resignation in lieu of discipline for a matter not connected with appellant's trial. 55 Tex. B.J. 517 (1992).

During the hearing, appellant mentioned for the court's consideration the cases of *Martinez v. State,* 167 Tex.Cr.R. 97, 318 S.W.2d 66 (1958), and *Hill v. State,* 393 S.W.2d 901 (Tex.Cr.App. 1965). The conviction secured in *Martinez* for murder, with the imposition of the supreme penalty, was reversed on a 5 November 1958 rehearing, because, albeit unknown to the trial judge, the indigent defendant's appointed attorney had been removed from the State Bar rolls of practicing attorneys for nonpayment of dues in 1946, and he had not paid any dues since or applied for reinstatement.[1]

In reaching its decision, the *Martinez* court quoted from the then effective State Bar Act, by which persons not members of the State Bar were prohibited from practicing law, and from the State Bar Rules, by which an attorney whose name was stricken from the State Bar rolls for nonpayment of dues shall not practice law in this State. Then, the court reasoned that because the defendant had a right to have a duly qualified practicing attorney to represent him, it was error for the trial court to appoint an attorney to represent defendant who was not at the time authorized to practice law in this State as provided and required by the statute and rules. *Martinez v. State,* 318 S.W.2d at 70–71.

Seven years later, a similar situation arose in *Hill* where the attorney, appointed to represent defendant on 9 November 1964, had not paid his annual State Bar dues in 1964 and was removed from the State Bar rolls effective 1 September 1964. Defendant was found guilty and sentenced on 9 November 1964. Thereafter, the attorney was reinstated on 30 November 1964 upon payment of his dues.

The *Hill* court, recognizing that the State Bar rules provided that an attorney ceased to be a member of the State Bar for nonpayment of dues and was prohibited from practicing law in this State, observed that neither the State Bar statute nor its

---

**1.** In reviewing the *Martinez* decision, the *Hill* court noted that the records in the Office of the Clerk of the Supreme Court of Texas showed that the attorney representing Martinez paid his delinquency on 24 September 1958, thereby purging himself of his delinquency before the case was disposed of on appeal. *Hill v. State,* 393 S.W.2d 901, 903–04 (Tex.Cr.App.1965).

rules contain a provision depriving the delinquent attorney of his license as an attorney at law. Thus, the court said, his delinquent status does not place him in the position of being "unlicensed to practice law in this State," and, when he pays his delinquent dues, he is, by application of the retroactive effect of the State Bar Act, restored to the status he occupied prior to becoming delinquent. Hill's attorney had purged himself of his delinquency before the appeal was disposed of on rehearing.

Therefore, the court reasoned, since there was no question of his competency, his acts as Martinez's attorney during the time his name was removed from the membership roll "were valid and were revitalized when he paid up his delinquency." Upon this rationale, the court overruled *Martinez*. *Hill v. State*, 393 S.W.2d at 903–05.

Nevertheless, by her argument, appellant tacitly pleads for the application of the *Martinez* holding by attempting to show that the *Hill* decision does not control the fact situation of her prosecution. She points out that in *Hill*, the attorney paid his delinquent dues, was reinstated, and "continued in good standing;" here, her trial counsel has not paid his delinquent dues and, even if paid, will not result in reinstatement of his license, which has been surrendered. In *Hill*, the competency of counsel was not questioned; here, she has charged her trial counsel with ineffective representation. Consequently, appellant concludes, the violation of her Sixth Amendment right to appointed counsel requires that her conviction be reversed.

■ The Sixth Amendment grants an accused the right to have the assistance of counsel for his defense, a right which has been interpreted to require the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674 (1984).[2] However, *Hill* teaches that a conviction will not be reversed if the only attack upon the defense attorney's qualifications is his fail-

ure to timely pay his bar dues. *Hill v. State*, 393 S.W.2d at 905–06. This obtains because the nonpayment of bar dues does not automatically mean that the nonpaying attorney will perform in an incompetent manner, *Johnson v. State*, 590 P.2d 1082, 1087 (Kan.1979); instead, if appellant is to receive a reversal because of the violation of her Sixth Amendment right to counsel, it must be because her trial counsel committed actual errors or omissions that prejudiced her defense. *U.S. v. Williams*, 934 F.2d 847, 851–52 (7th Cir.1991).

■ To establish the ineffective assistance of her trial counsel, appellant uses her first point of error to enumerate six instances of counsel's ineffectiveness, five of which occurred during the guilt-innocence phase of the trial, and one of which occurred during the punishment phase. Appellant acknowledges that to prove her counsel's ineffectiveness during the guilt-innocence phase of her trial, she first must show his performance was deficient, *i.e.*, that counsel's performance fell below an objective standard of reasonableness. Then, she must show that the deficient performance prejudiced her defense, *i.e.*, there is a reasonable probability that, but for counsel's unprofessional errors, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. at 687, 104 S.Ct. at 2064; *Hernandez v. State*, 726 S.W.2d 53, 56–57 (Tex.Cr.App.1986). However, the second showing required by *Strickland* is not applicable to the punishment phase of the trial; instead, at that phase, the sufficiency of the attorney's assistance is gauged by the totality of his representation of appellant. *Ex Parte Walker*, 777 S.W.2d 427, 430–31 (Tex.Cr. App.1989); *Ex Parte Cruz*, 739 S.W.2d 53, 57–58 (Tex.Cr.App.1987).

In this regard, it does not escape notice that in charging her trial counsel with specific instances of ineffective assistance, appellant does not cite any authority indicating those instances, or similar ones, amount to ineffective assistance of counsel. *McCoy v. Court of Appeals*, 486 U.S. 429, 435, 108 S.Ct. 1895, 1900, 100 L.Ed.2d 440 (1988).

---

**2.** The Sixth Amendment's guarantee of assistance of counsel is binding upon the States by operation of the Fourteenth Amendment.

In this mode, appellant, in listing her fifth instance of counsel's ineffectiveness, and the last one at the guilt-innocence phase, relies on her unadorned statement that counsel failed to file a motion for continuance or take any other step to protect her right to be represented by counsel after he became aware his license was suspended. Yet, given the *Hill* court's validation of trial counsel's acts at least to the time of notification of the suspension of his license, it logically follows that appellant's statement has validity only if her right to be represented by counsel after the notification was jeopardized by counsel's inaction. As will be detected from appellant's other alleged instances of counsel's ineffective performance, she does not even suggest that right was imperiled.

Appellant initially asserts that trial "counsel failed to properly preserve an objection to a challenge of a juror for cause." Although the assertion itself is not clear, seemingly it was stated to show counsel's performance was deficient because a veniremember, Mrs. Follis, said she had strong feelings against theft, and counsel did not follow up to determine if she, and others, could have been challenged for cause, but effectively abandoned a potential point of error during the voir dire. We do not perceive a deficiency under the record.

Aside from the fact that Mrs. Follis said her feelings were not so strong that she could not be fair, the record shows that counsel spoke at length with the panel of veniremembers about the implications in a theft trial of their having strong feelings about theft. But, more important, the record further reveals that Mrs. Follis was not chosen to be on the jury. Why she was not chosen is not recorded, but if it was because counsel peremptorily challenged her, there is no suggestion that an unacceptable juror served because of the use of a peremptory challenge to her service. Then, on this record, the claim of ineffectiveness of counsel in this instance is not firmly founded, as it must to be valid. *Smith v. State*, 676 S.W.2d 379, 385 (Tex.Cr.App.1984), *cert. denied*, 471 U.S. 1061, 105 S.Ct. 2173, 85 L.Ed.2d 490 (1985).

Secondly, appellant contends counsel was ineffective in failing to preserve error to the introduction of extraneous offenses. The "extraneous offenses" are identified by appellant as those five references by a State's witness to other unidentified merchandise being in her purse. From this, appellant argues that since the jury was told the purpose in detaining her was to recover the store's merchandise, there was left the clear impression that she had other charges pending against her. Again, the contention is not firmly founded.

■ Evidence of an extraneous offense necessarily involves evidence of prior criminal conduct by the accused. *McKay v. State*, 707 S.W.2d 23, 31–32 (Tex.Cr.App. 1985), *cert. denied*, 479 U.S. 871, 107 S.Ct. 239, 93 L.Ed.2d 164 (1986). The evidence is undisputed that appellant was charged with the theft of shoes only, and the references to merchandise were merely the witness' substitution of that term for the terms "her property" and "stuff" he otherwise used to describe the items that fell out of her purse. Thus, where, as here, the evidence fails to show that an offense was committed, then evidence of an extraneous offense is not established. *Id.* at 32.

Thirdly, appellant points to trial counsel's failure to object to the State's introduction of testimony, through four of its seven witnesses, related to the number of condoms in appellant's possession as an ineffective performance. The testimony, appellant represents, was not probative of any issue and could only have been intended to prejudice the all female jury against her, particularly since counsel knew, or should have known, that her prior solicitation convictions would come before the jury.

■ Apparently overlooked by appellant in faulting counsel is that the testimony mentioning the condoms was but a part of the testimonial depiction of the events evidencing the theft and, as such, was a part of the context of the offense. When appellant's claim of prejudice is tested against the relevance of the testimony, the testimony was admissible under the reasoning that events do not occur in a vacuum, and the

jury has the right to have the offense placed in its proper setting so that it may realistically evaluate all the evidence. *Mann v. State*, 718 S.W.2d 741, 743–44 (Tex.Cr.App.1986), *cert. denied*, 481 U.S. 1007, 107 S.Ct. 1633, 95 L.Ed.2d 206 (1987). Of course, the failure to object to admissible testimony does not constitute ineffective assistance of counsel.

■ By its indictment, the State alleged the theft committed by appellant was "one (1) pair of shoes, of the value of less than $750." The court charged the jury that appellant "stands charged by indictment with the offense of theft of property of the aggregate value of less than $750." Further, the court instructed the jury that if it found from the evidence that appellant stole "one (1) pair of shoes, of the value of less than $750," and found the other constituent elements of the offense, "then you will find the defendant guilty of the offense of theft of property of the aggregate value of less than $750." Appellant's trial counsel unsuccessfully objected to the court's use of the word "aggregate," because "it goes to more than one item." The jury found appellant "guilty of the offense of theft of property of the aggregate value of less than $750 . . . as charged in the indictment."

Counsel's "poorly worded objection" to the court's charge is faulted by appellant in stating her fourth instance of ineffective assistance of counsel. By way of elaboration, she declares that counsel failed to bring to the court's attention the extraneous offense she injected as her second instance of counsel's ineffectiveness or the numerous references to condoms she offered as her third instance of ineffective assistance of counsel. She adds that the word "aggregate" could have misled a juror to believe that other merchandise and the condoms were also stolen.

Granting that the word "aggregate" should not have been employed in the charge, its inclusion over objection does not brand counsel as ineffective for failing to press his objection by calling the court's attention to the matters appellant enumerates. As we earlier determined in address-

ing appellant's second and third claims of counsel's ineffectiveness, those matters did not rise to the level of ineffective assistance of counsel. Beyond that, the indictment charged appellant with the theft of one pair of shoes only and, by considering the court's charge as a whole, it seems clear that the court's use of the word "aggregate" did not mislead the jurors, especially since they found appellant guilty "as charged in the indictment." Thus, there is no basis for a finding of ineffectiveness in this instance, even were credit accorded appellant's tacit indication that another attorney would have pursued a different course. *Blott v. State*, 588 S.W.2d 588, 592 (Tex.Cr.App.1979).

Although presenting these five claims of her trial counsel's ineffective assistance at the guilt-innocence phase of the trial, appellant failed to prove that counsel's performance was deficient in any one of the instances. Consequently, she failed to make the first showing required by *Strickland* to sustain her claim of ineffective assistance of counsel at the first phase of her trial.

During the punishment phase of the trial, the State documented appellant's two prior convictions for prostitution. Thereafter, in presenting his punishment argument, the prosecutor remarked, "What have we got in 1985? We have a prostitution conviction. The explanation for the 32 condoms in her purse, I would submit to you."

The argument, appellant proposes, left the clear implication that she was then practicing as a prostitute, a fact not in the record and an offense not charged. Therefore, counsel's failure to object and thereby properly preserve error was, she submits as her sixth and final instance, ineffective assistance of counsel. We do not share that view.

■ Undoubtedly, prosecutorial jury argument of reasonable deductions from the evidence is acceptable; to be objectionable, the argument must exceed the bounds of reasonable deductions or go so far as to inject new and harmful facts into evidence. *Denison v. State*, 651 S.W.2d 754, 761–62

(Tex.Cr.App.1983). In this instance, the prosecutor merely stated the facts in evidence and offered a reasonable and legitimate deduction from those facts. Moreover, if appellant's proposal be accepted, counsel's failure to object was but an isolated instance, which does not constitute ineffective assistance in the light of the totality of counsel's otherwise unchallenged representation of appellant at the punishment phase of the trial. *Ingham v. State,* 679 S.W.2d 503, 509 (Tex.Cr.App. 1984).

Summarized, we hold that appellant has failed to show under either of her two points of error that her trial counsel's actions amounted to ineffective assistance of counsel. The points are overruled.

The judgment is affirmed.