In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00189-CR


______________________________




ELZIE SMITH, A/K/A ELSIE SMITH AND ESSIE SMITH, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the Fifth Judicial District Court


Cass County, Texas


Trial Court No. 2004F00127




 




Before Morriss, C.J., Carter and Moseley, JJ.


Opinion by Justice Carter



O P I N I O N



 Elzie Smith, a/k/a Elsie Smith and Essie Smith was convicted by a jury of possession of a
controlled substance--after the trial court declined his plea of guilty--and the jury assessed his
punishment at fifty years' imprisonment. 

 On appeal, Smith argues the conviction should be reversed because trial counsel was
suspended from the practice of law at the time of the trial, because the trial court erred by failing to
accept the guilty plea, and because the search that resulted in discovery of the contraband (cocaine)
was unlawful.

 We find no merit to the arguments and affirm.

Statement of Facts

 Atlanta police officer Randy Cruson stopped Smith because he did not activate his turn signal
100 feet before making a left-hand turn at an intersection. (1) When the officer first confronted Smith,
Cruson noticed that Smith had an odor of alcohol on his breath. However, Cruson did not ask Smith
to submit to a field sobriety or breathalyzer test. Instead, Cruson looked in Smith's vehicle and
noticed an open container of beer. At that point, Cruson did not search the vehicle for other open
containers. Smith told Cruson the open container in question was the only contraband in the vehicle. 
Smith offered to retrieve the container, but Cruson did not let Smith back in the vehicle. Cruson
alleged that the original purpose of the traffic stop had not been effectuated because the open
container was still in the vehicle. However, he does not recall whether there was any liquid in the
container. Cruson did not cite Smith for the traffic offense or the open container violation, but
estimated that he would have needed about three minutes to write each citation. 

 Cruson became suspicious that the open container was not the only contraband in the vehicle.
However, this belief was based solely on Smith's refusal to consent to a search of the vehicle. (2)
 
During the traffic stop, Cruson called for a back-up unit, which arrived four to five minutes after
being called. The back-up unit that came was a canine unit. The dog performed an open-air sniff
of the vehicle, alerted to the driver's side door, and the dog handler found cocaine in the console of
the vehicle. (3)
 

Suspension of Counsel 


 Smith initially couches his contention in terms of a violation of the right to constitutionally
effective counsel. (4) However, in his argument, he instead focuses on the public policy aspects of
allowing an attorney to represent a party in court while the attorney is unauthorized to do so. Both
Smith and the State concede that Clyde E. Lee (appellant's trial counsel) was on administrative leave
due to an untimely payment of his required bar dues. At oral argument, counsel for Smith argued
that, while Lee was suspended, he was "not a lawyer" and therefore Smith had a complete denial of
his right to counsel. The Texas Court of Criminal Appeals addressed that argument in Cantu v.
State, 930 S.W.2d 594, 596-98 (Tex. Crim. App. 1996), holding that "once an attorney has fulfilled
the 'threshold' requirements for legal practice, a per se rule cannot be justified on a jurisdictional
basis regardless of the subsequent change in status." Id. at 598. This reasoning does not apply to
attorneys who were suspended or disbarred for substantive reasons. Id. at 601. It is not claimed that
Lee was suspended for any substantive reason such as incompetence or conduct showing bad moral
character. Therefore, based on Cantu, we do not find that Lee's suspension for failure to pay bar
dues was a per se violation of Smith's Sixth Amendment right to counsel. 

 In Hudson v. State, 128 S.W.3d 367, 378 (Tex. App.--Texarkana 2004, no pet.), where Lee
was also trial counsel, and was also practicing with a suspended license due to failure to complete
mandatory continuing legal education requirements, we recognized that any practice of law during
a suspension constitutes professional misconduct and subjects the member to discipline. See Tex.
Disciplinary R. Prof'l Conduct 8.04, reprinted in Tex. Gov't Code Ann. tit. 2, subtit. G app.
A (Vernon 2005) (Tex. State Bar R. art. X, § 9). The suspension of trial counsel's law license
before trial does not, however, result in a per se denial of Smith's Sixth Amendment right to effective
assistance of counsel. Cantu, 930 S.W.2d at 602. Instead, an inquiry into the facts of the case and
the reason for the suspension is required. The Texas Court of Criminal Appeals recognized that
"technical violations do not constitute a denial of counsel even when removing the defect would not
retroactively restore counsel's good status." Id. at 598. 

 We again recognize that Rule of Professional Conduct 8.04(a)(11) specifically states that:

 a lawyer shall not . . . engage in the practice of law when the . . . lawyer's right to
practice has been administratively suspended for failure to timely pay required fees
or assessments or for failure to comply with Article XII of the State Bar Rules
relating to Mandatory Continuing Legal Education . . . .


Tex. Disciplinary R. Prof'l Conduct 8.04(a)(11), reprinted in Tex. Gov't Code Ann. tit. 2,
subtit. G app. A (Vernon 2005) (Tex. State Bar R. art. X, § 9).

 However, as pointed out by the case authorities, we recognize these are ethical rules
governing the proper conduct of counsel and for purposes of professional discipline. See Preamble:
Scope Rules of Professional Conduct, (5) tit. 2, subtit. G app. A (Vernon 2005). Practicing law when
the lawyer's license is suspended is a violation of these rules and subjects the attorney to sanctions
by the State Bar of Texas. However, violation of the Professional Rules of Conduct for attorneys
by practicing law even though suspended from practice for nonpayment of dues does not invalidate
the representation--unless the representation was sufficiently incompetent to violate the client's right
to effective assistance of counsel.

 Like the failure in Cantu, failure to timely pay bar dues is a technical violation and is
therefore not considered a per se denial of effective assistance of counsel. Cf. Parrish v. State, 840
S.W.2d 63 (Tex. App.--Amarillo 1992, no pet.). There is no claim that any acts or omissions of Lee
in conducting the trial on Smith's behalf was deficient or ineffective.

 The contention of error is overruled.

Rejection of the Negotiated Plea of Guilty

 In exchange for a plea of guilty, the State had agreed to charge Smith with a second-degree
felony by dropping the enhancement portion of the charge which changed the range of punishment. 
Both parties advocate at length in their respective briefs what the law is regarding whether the plea
was voluntary. That, however, is not the relevant inquiry. 

 At the hearing on the guilty plea, the court stated, after Smith was inconsistent about his plea
and reasons for it, that it did not believe the plea was voluntary, and refused to take the plea. After
saying this, Smith attempted to rescue himself, saying, "I'll just go on and take it like it is, sir." The
court declined the invitation. Immediately thereafter, as the trial on the merits commenced, the trial
court clarified its ruling, stating that it did not accept the plea agreement and the guilty plea because
Smith failed to meet the deadline set by the court for entering a negotiated plea with the State. The
trial judge explained that, when the trial date was set, he told Smith in open court that negotiated plea
agreements with the State could be made no later than two weeks before trial. The trial court
implemented the "rule" to promote judicial efficiency and conserve judicial resources. Pursuant to
law, the trial court offered Smith the option of pleading guilty and moving on to the sentencing phase
of the trial without the benefit of the negotiated plea agreement--which was declined. 

 A negotiated plea agreement is effectively a two-step process. The first step is the agreement
between the State and the defendant about the guilty plea. That agreement becomes binding when
the defendant enters his or her plea. Both State and defendant are then bound by the terms of the
negotiated plea agreement and are not permitted to take actions inconsistent with the agreement. The
second step in the process involves the trial court's acceptance or rejection of the recommended
punishment. Once the plea agreement is made, the recommended punishment becomes binding only
if the trial court accepts the recommendation. If the court rejects the recommendation, the agreed
punishment is not binding and the defendant may withdraw his or her plea. Tex. Code Crim. Proc.
Ann. art. 26.13 (Vernon Supp. 2006); Zapata v. State, 121 S.W.3d 66, 70 (Tex. App.--San Antonio
2003, pet. ref'd).

 In addition, the court may not accept a plea of guilty unless it appears the defendant is
mentally competent and the plea is free and voluntary. Tex. Code Crim. Proc. Ann. art. 26.13(b);
Boykin v. Alabama, 395 U.S. 238 (1969); Kniatt v. State, 206 S.W.3d 657, 664 (Tex. Crim. App.
2006). However, even if the court determines the plea is voluntarily made, the trial court is not
bound to accept the negotiated plea agreement. See Tex. Code Crim. Proc. Ann. art. 26.13 (court
must admonish defendant that recommendation of prosecuting attorney as to punishment is not
binding on court; court must inform defendant whether it will follow or reject such agreement in
open court; should court reject any agreement, defendant shall be permitted to withdraw plea). 

 Counsel argues that the court, once it had chosen a reason (involuntariness of the plea) for
refusing to accept a guilty plea, was necessarily bound to that reasoning, and we should therefore
determine whether its conclusion was incorrect. We need not make such an analysis.

 By long-standing authority, the trial court is "free in every or any case to refuse to allow plea
bargaining or to reject a particular plea bargain entered into by the State and defense." State ex rel.
Bryan v. McDonald, 662 S.W.2d 5, 9 (Tex. Crim. App. 1983); see Morano v. State, 572 S.W.2d 550
(Tex. Crim. App. 1978); Davis v. State, 130 S.W.3d 519, 522 (Tex. App.--Dallas 2004, no pet.);
Holland v. State, 112 S.W.3d 251, 254 (Tex. App.--Austin 2003, no pet.); see Tex. Code Crim.
Proc. Ann. art. 26.13.

 It is within the court's authority to refuse to accept any negotiated plea agreement; in this
case, the court chose not to accept this negotiated plea of guilty. The contention of error is overruled.

Preservation of Search Issue 

 The general argument is that the canine sniff was improper because of delay or because there
was not probable cause or even a reasonable suspicion that would justify allowing even an open-air
sniff as a search. There was no motion to suppress, no suppression hearing, and no complaint raised
to the introduction of evidence about the search, and the cocaine was admitted into evidence without
objection. The issue was not preserved for appellate review. See Tex. R. App. P. 33.1. The
contention is therefore overruled.


 We affirm the judgment of the trial court.



 Jack Carter

 Justice


Date Submitted: October 10, 2007

Date Decided: October 25, 2007


Publish 



1. Smith did turn on the turn signal while in the intersection.
2. We do not suggest that refusing to consent to a search gives probable cause to conduct a
nonconsensual search. To do so would eviscerate the Fourth Amendment--and penalize an
individual for exercising constitutionally guaranteed rights. 

3. The officer testified that he was trying to get in the vehicle to get the open container of beer.

4. The United States Constitution requires at a minimum that appointed or retained counsel
provide a client with "reasonably effective assistance." Strickland v. Washington, 466 U.S. 668
(1984). Ineffective assistance of counsel constitutes a reversible error when the defendant shows: 
(1) that counsel's representation was deficient and (2) that the deficient performance prejudiced the
defendant. Id. at 687. 
5. Tex.  Disciplinary  R.  Prof'l  Conduct,  reprinted  in  Tex.  Gov't  Code  Ann.  tit.  2,
subtit. G app. A (Tex. State Bar R. art. X, § 9).


 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00125-CV

                                                ______________________________

 

 

                                           SCOTT
MARTIN, Appellant

 

                                                                V.

 

         MARTIN RESOURCE MANAGEMENT CORPORATION, Appellee

 

 

                                                                                                  


 

 

                                          On Appeal from the County Court at Law II

                                                             Gregg County, Texas

                                                   Trial Court No. 2010-1020-CCL2

 

                                                       
                                           

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                      MEMORANDUM OPINION

 

            Scott
Martin, the sole appellant in this case, has filed a motion seeking to dismiss
his appeal.  Pursuant to Rule 42.1 of the
Texas Rules of Appellate Procedure, his motion is granted.  Tex.
R. App. P. 42.1.

            We
dismiss the appeal.

 

 

 

                                                                                    Jack
Carter

                                                                                    Justice

 

Date Submitted:          January
18, 2012         

Date Decided:             January
19, 2012