Opinion issued December 23, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00893-CR

———————————

Gilbert Sarabia, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 230th District Court 

Harris County, Texas



Trial Court Case No. 1203543

 



MEMORANDUM OPINION

          A jury convicted appellant, Gilbert
Sarabia, of aggravated assault, see Tex. Penal Code Ann.
§§ 22.01, 22.02 (Vernon Supp. 2010) and assessed punishment at 15 years’ confinement.  In four related points of error, appellant
contends that he received ineffective assistance of counsel at trial because
his trial attorney’s law license had been suspended because of his failure to
pay his bar dues and occupational tax. 
We affirm.

BACKGROUND

          Appellant filed a motion for new
trial, alleging that his trial counsel was ineffective because his counsel’s
law license was suspended at the time of trial. 
At the motion for new trial hearing, the following evidence was
developed. Appellant’s trial counsel, Carlos Rodriguez, had his law license
suspended on September 1, 2009, for failing to pay his bar dues and occupation
tax.  Appellant’s trial took place during
the period of Rodriguez’s suspension, but before his license was reinstated
after he paid his dues and taxes. 
Rodriguez testified that he did not know that he had been suspended when
he represented appellant at trial.  Rodriguez’s
license had been suspended for the same reason in the years 2002, 2004, 2006,
2007, and 2008.  After the hearing on the
motion for new trial, the trial court did not rule on appellant’s motion for
new trial, thus it was overruled by operation of law.  See
Tex. R. App. P.21.8.

ANALYSIS

          In issues one
through four, appellant contends that he received ineffective assistance of
counsel at trial in violation of the Sixth Amendment of the United States
Constitution, article I, section 9 of the Texas Constitution, and article 1.051
of the Texas Code of Criminal Procedure. 
Specifically, appellant contends that counsel was ineffective, as a
matter of law, because of his repeated suspensions.

          The
Court of Criminal Appeals addressed the issue of unlicensed, suspended, and
disbarred counsel in Cantu v. State,
930 S.W.2d 594, 602 (Tex. Crim. App. 1996). 
The court concluded that because “a never-been-licensed layman” could
never be considered “counsel” under the Sixth Amendment, a per se rule
prohibiting such a layman from acting as counsel was appropriate. Id. at 601–02.  The court found a different rule appropriate
for attorneys who were once validly licensed but have subsequently been
suspended or disbarred, and stated:

A suspended or
disbarred attorney is incompetent as a matter of law if the reasons for the
discipline imposed reflect so poorly upon the attorney’s competence that it may
reasonably be inferred that the attorney was incompetent to represent the
defendant in the proceeding in question. 
It is possible that the reasons for discipline could be so egregious
that the attorney would not be competent to represent any criminal defendant.  Or,
the reasons for discipline might in some way be relevant to the attorney’s
responsibilities in the proceedings in question so as to give rise to an
inference that the attorney was incompetent to participate in those particular
proceedings.

 

Id.
at 602.  The court then listed the
following relevant factors in determining whether an attorney is incompetent as
a matter of law:

(1) severity of the sanction (suspension versus disbarment;  length of suspension); 

 

(2) the reasons for the discipline;

 

(3) whether the discipline was based upon an isolated
incident or a pattern of conduct;

 

(4) similarities between the type of proceeding resulting in
discipline and the type of proceeding in question;

 

(5) similarities between kinds of conduct resulting in the
attorney’s discipline and any duties or responsibilities the attorney had in
connection with the proceeding in question;

 

(6) temporal proximity between the conduct for which the
attorney was disciplined and the proceeding in question; and

 

(7) the nature and extent of the attorney’s professional
experience and accomplishments. 

 

Id. at 602–03.

 

          Reviewing the present case in light of
these factors, we hold that Rodriguez’s suspension did not render him
incompetent as a matter of law. 
Rodriguez’s suspension was minor and temporary; his license was
reinstated when he later paid his dues and taxes.  See
Tex. State Bar R. art. III, § 7, reprinted in Tex. Gov’t Code Ann., tit. 2, subtit G. app. A (Vernon 2005).  While Rodriguez has a pattern of not timely
paying his dues and taxes, there is no similarity between that offense and his
ability to represent criminal defendants such as appellant.  The temporary proximity between appellant’s
failure to pay his dues and fees and the time of appellant’s trial is
irrelevant because, once Rodriguez paid his fees, his license was restored to
its former status and was retroactive to the inception of his suspension. See Tex.
State Bar R. art. III, §7. 
Finally, the record shows little about Rodriguez’s professional
experience or accomplishments, but we note that, at a minimum, he met the
requirements to be appointed to represent criminal defendants in Harris County.


          In sum, we conclude that appellant’s
suspension for failure to pay his bar dues and occupation tax—even his repeated
failure to pay his bar dues and occupation tax— did not establish that, as a
matter of law, he was incompetent to represent appellant at trial.  See
Hill v. State, 393 S.W.2d 901, 904 (Tex. Crim. App. 1965) (holding that
failure to pay bar dues does not constitute denial of counsel).

          We overrule issues one through four.

CONCLUSION

          We affirm the trial court’s judgment.

 

 

                                                                   Sherry
Radack

                                                                   Chief
Justice 

 

Panel
consists of Chief Justice Radack and Justices Bland and Massengale.

Do
not publish.   Tex. R. App. P. 47.2(b).