## T. DENTON ET AL. v. M. McDONALD ET AL.

Application No. 7092. Decided March 22, 1911.

**1.—Injunction—Criminal Process.**

The writ of injunction is purely a civil process. Though it may be used to protect property from acts which though criminal are really invasions of civil rights, it can not be converted into a criminal process nor into a mere incident to a proceeding, such as habeas corpus, growing out of a criminal prosecution. (P. 207.)

**2.—Same—Case Stated.**

Defendants, who were being prosecuted in magistrate's court under arrest as prostitutes or keepers of disorderly houses sued out writ of habeas corpus in the District Court and were discharged, on the ground that, by authority of a special charter and ordinance, the city in which they lived and offended had segregated them in "reservation" whereby their calling had been legalized within such limits. The magistrate proceeding to forfeit their bonds, rearrest, and further prosecute them on such charges, the District Court, on application of such defendants, issued a writ of injunction restraining the state officers concerned from further prosecution of such cases or other like charges against defendants for offenses committed in the "reservation." Held, that the proceeding for injunction was a civil action; that the court had no power to grant such relief thereby; that an appeal from the order perpetuating the injunction lay to the Court of Civil Appeals; and that such court properly reversed the judgment and dismissed the case. The correctness of its ruling that the city ordinance in question was void is not passed upon. (Pp. 206-208.)

Application for writ of error to the Court of Civil Appeals, Fourth District, in an appeal from Harris County.

*Wm. H. Wilson, John Lovejoy, C. E.* and *A. E. Heidingsfelder* and *Wilson, Dabney & Meachum,* for applicants.

MR. JUSTICE WILLIAMS delivered the opinion of the court.

The question as to the validity of the ordinance of the city of Houston, which was declared to be void in the opinion of the Court of Civil Appeals for the Fourth District in this cause, is not to be taken as decided or prejudiced by the refusal of this application.

That question is involved in the case of Brown Cracker & Candy Company v. The City of Dallas et al., in which the Court of Civil Appeals for the Fifth District held a similar ordinance to be valid, and in which we have granted a writ of error bringing the question up for further consideration and final decision. In this case the application is refused for other reasons.

Twenty-six women, who are among the plaintiffs in error, were being prosecuted before a justice of the peace in Houston, under the law of the State, upon charges of vagrancy because of their being prostitutes or keepers of houses of prostitution. Claiming immunity under an ordinance of the city of Houston defining the territory in which such establishments should be confined and in which these women lived, they applied for and obtained from one of the district judges a writ of habeas corpus, and, at the hearing thereof, were discharged because the ordinance was held to be valid and to give such immunity, and also because the process under which the applicants had been arrested was void. Thereafter the officers were about to proceed, in the same cases that were pending before the discharge, to forfeit the bail of, and to arrest the defendants therein, when the latter commenced this proceeding by petition to the same district judge for an injunction to stay such action. The writ was granted, and, on hearing before the court, was perpetuated. Some of the officers who were made defendants in the injunction proceeding appealed to the Court of Civil Appeals and from the judgment of that court, reversing the action of the District Court, this writ of error is prosecuted by the plaintiffs in the injunction. The opinion of the Court of Civil Appeals is reported in 132 S. W., p. 823.

For present purposes it is sufficient for us to hold, with the Court of Civil Appeals, that the writ of injunction can not properly be used for such a purpose. No question exists as to the right to protect property rights when threatened by proceedings which are nominally criminal, but are really invasions of civil rights. The use here made of the writ was in aid of the jurisdiction given to the district judge to issue the writ of habeas corpus in favor of persons held under criminal process. The injunction is purely a civil process and is not to be converted into a criminal one, nor into a mere incident to a proceeding growing out of a criminal prosecution. The district judge undoubtedly has power to enforce his orders discharging prisoners from custody under criminal process, but not by the writs which are appropriate only to civil proceedings. He has power to issue and enforce the writ of habeas corpus in criminal matters and power to issue writs of injunction in civil matters, but one power is as distinct from the other as if they were vested in different officers. That the injunction was made use of in this case as if it were a mere incident to a criminal proceeding is so well recognized by counsel for plaintiffs in error that they complain because the Court of Civil Appeals entertained the appeal, contending that it should have gone to the Court of Criminal Appeals; and they would be correct if the mere use made of the injunction could change the character of the cause in which it is obtained from a civil to a criminal one. But it is the duty of the courts having jurisdiction in civil

matters to restrict such writs to their proper functions, and when they are misused by the courts of original jurisdiction it is the duty of courts ·of appellate jurisdiction in civil matters to make cor-·rection. Undoubtedly the Court of Criminal Appeals would have had jurisdiction of any appeal that might have been lawfully taken from the action of the district judge on the habeas corpus and we presume the action of that court on such an appeal would not have been at all hampered by what had been attempted with the injunction, which only illustrates more fully the impropriety of such use of that writ. It was obtained by a petition regularly presented to the judge as in the institution of a civil suit, and that it was improperly granted and perpetuated gives only the better reason for the persons upon whom its restraining power was laid to appeal to· the courts which must determine the proper scope of such process and for those courts to give relief. For these reasons we hold that the Court of Civil Appeals properly reversed the judgment of the District Court in the injunction proceeding and dismissed the cause, without regard to the question as to the validity of the ordinance.

*Application refused.* ·