

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

August 21, 1972

Honorable Robert S. Calvert
Comptroller of Public Accounts
State of Texas
Austin, Texas

Opinion No. M-1190

Re: Legality of refunds or
credits for tax over-
payment made prior to
July 1, 1967, to be
issued after August 31,
1972, under stated facts
and circumstances?

Dear Mr. Calvert:

Your request presents two questions both concerning
Article 1.045, Title 122A, Taxation-General, V.C.S. The first
question hereinafter considered states in part:

"Under the provisions of Article 1.045, Title
122A, Revised Civil Statutes of 1925, as amended,
the seven-year limitation period on the issuance
of franchise tax assessments becomes operative on
September 1, 1972, on and after which date the
Comptroller is proscribed from issuing a franchise
tax assessment for delinquent taxes which were due
prior to July 1, 1967. However, Section (C) of
the statute prescribes an exception thereto where-
under assessment and collection procedures are
authorized after expiration of the 7-year period
if prior to such expiration the Comptroller (or
his representative) and the taxpayer have con-
sented in writing to an assessment after that
time. ...

"Your official opinion is respectfully requested
wnether, pursuant to a written agreement with
each taxpayer for extension of the time within
which an assessment may be issued, a refund or
credit may be issued by the Comptroller after
August 31, 1972 for overpayments made prior to
July 1, 1967, ..."

-5810-

Section (C), of Article 1.045, provides that the limitation period on assessments and collections may be extended by written consent of the taxpayer and the Comptroller prior to the expiration of said initial limitation period as follows:

"If, before the expiration of the period of time prescribed in this Article for the assessment and collection of any tax imposed by this Title, or before the expiration of any shorter period of time as may be otherwise provided in this Title, the Comptroller, or his representative, and the taxpayer have consented in writing to an assessment after such time, the tax may be assessed and collected, and an action may be commenced in any court to collect the amount delinquent, at any time prior to the expiration of the period agreed upon.  The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon."

Section (G) provides:

"Limitation for Refunds and Credits.  Notwithstanding any provision of this Title, the period of time during which the Comptroller may refund any overpayment of tax or issue a credit for overpayment of any tax imposed by this Title shall not expire prior to the expiration of the period of time within which the Comptroller may assess a deficiency with respect to such tax.  The Comptroller shall not issue any such refund or credit after the time for assessment of a deficiency has expired unless such tax was paid under protest and such refund or credit is made under court order."

The two Sections (C) and (G) taken together allow tax refunds or credits during any period in which a tax deficiency could be assessed for the same tax period for which the refund or credit is sought.

Section (A) provides the seven-year limitations period on franchise tax assessments and on claims for refunds or credits by virtue of Section (G).

Section (C) provides a method of extending this period at the discretion of the Comptroller and the taxpayer and therefore, a constitutional question arises of whether this provision allows for an exercise of discretion without any accompanying standards or guidelines which are necessary to the constitutional delegation of such power. Moody v. City of University Park, 278 S.W.2d 912 (Tex.Civ.App. 1955, writ ref. n.r.e.). Article 2, Section 1, Texas Constitution.

Section (C) contains no standards to guide the Comptroller in the exercise of this discretion to enter into agreements affecting an extension of the statutory limitations period. In the Moody case, supra, the Court of Civil Appeals sets out the principle of law as follows:

> "Applicable to the foregoing grant of authority, by both Legislature and ordinance, are the following general principles: (1) On the question of constitutionality or not of the delegated power, the inquiry is of whether the legislature has prescribed sufficient standards to guide the discretion conferred. If so, the power is not 'legislative' and its delegation is lawful; Davis, Administrative law, p. 44; Housing Authority of City of Dallas v. Higginbotham, 135 Tex. 158, 143 S.W.2d 79, 130 A.L.R. 1053; Railroad Commission v. Shell Oil Co., 139 Tex. 66, 161 S.W. 2d 1022, also Id., 146 Tex. 286, 206 S.W.2d 235. (2) 'It is fundamental that a legislative body may not delegate unlimited legislative powers and functions to an administrative ageny. Whenever the legislative body vests any administrative agency, such as a zoning beard, with the power to exercise discretion, it must spell out the limits of that discretion by the establishment of scme standard to guide the agency. Such a standard may be general and at the same time be valid if it is capable of reasonable application.'"

The unlimited or unqualified power to exercise discretion granted in Section (C) to suspend the law of limitation may not be granted by the Legislature.  11 Am.Jur. 947, Constitutional Law, Sec. 334.  As such, Section (C) is unconstitutional and invalid.  Article 1.045 contains a severability clause, and therefore, only the suspension provisions are invalidated.

Although Section (C) is invalid for the reasons given, said provision may also be prohibited under Article 1, Section 28, of the Texas Constitution which provides as follows:

> "Sec. 28.  No power of suspending laws in this State shall be exercised except by the Legislature."

Under former constitutions of the State, the suspension of laws could be exercised by the Legislature, "or its authority".  The Constitution of 1876 omits the words "or its authority", and the authority of the Legislature to delegate its powers to suspend laws was thereby repealed.  See McDonald v. Denton, 132 S.W. 823 (1910), error denied 104 Tex. 206, 135 S.W. 1148; and Lyle v. State, 193 S.W. 680 (Tex.Crim. 1917); 11 Am.Jur. 943-944 Constitutional Law, Sec. 230.

As Article 2, Section 1, of the State Constitution invalidates Section (C), we do not reach the question of whether said provision is a grant of power to suspend a law and only here note the existence of this question.

The second question concerns the interpretation of Sections (F)(1), (F)(3) and (F)(4) of Article 1.045 which provide:

> "(F)(1)  Notwithstanding any provision of any other Article of this Title, when any administrative proceeding before any local, state or federal regulatory agency or judicial proceeding arising therefrom, results in a final determination which affects the amount of tax liability imposed by any Article of this Title, such final determination shall be reported to the Comptroller within sixty (60) days after becoming final, with a statement of the reasons for the difference in tax liability, in such detail as the Comptroller may require."

"(F)(3)  Should such report or investigation disclose an overpayment of such tax liability, the Comptroller shall issue a refund or credit for such overpayment within the aforementioned one-year period after receiving such report or discovering such final determination."

"(F)(4)  No action may be commenced to collect any deficiency disclosed by such final determanation after one year from the date the Comptroller receives such report or discovers such final determination unless the period prescribed for such an action by this Article or any other Article of this Title has not expired."

Your question asks if:

"...there is any provision for extending the one-year period [in Section (F)(4)] other than [for] that part of the deficiency or overpayment still covered by the seven years provided in Section (A)..."

In view of the fact that the Legislature may not constitutionally empower the Comptroller to extend in his discretion, the statute of limitations, where there is no standard or guideline provided for the exercise of that discretion, there is not any method to extend the limitation period in Section (F)(4).

## S U M M A R Y

The Legislature may not constitutionally delegate its power to the Comptroller without any accompanying standards or guidelines. Article 2, Section 1, Texas Constitution. Section (C) of Article 1.045, Title 122A, Taxation-General, V.C.S., therefore, is an invalid delegation of power. Said provision may be invalid as a delegation of power to suspend the law under Article 1, Section 28, of the Texas Constitution.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Wardlow Lane
Assistant Attorney General

APPROVED
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Herschel Moore
Rex White
John Reeves
Arthur Sandlin

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant