**COMMISSION FOR LAWYER DISCIPLINE, Appellant,**

v.

**David G. SHERMAN, Appellee.**

**No. 01–96–00869–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

April 10, 1997.

Linda A. Acevedo, Austin, Stacy Lynne Keaton, Houston, for appellant.

James Stephen Munson, Wharton, for appellee.

Before HUTSON–DUNN, O'CONNOR and HEDGES, JJ.

## OPINION

HUTSON–DUNN, Justice.[1]

The Commission for Lawyer Discipline (the "Commission"), the appellant, filed a disciplinary action against David G. Sherman, the appellee, for practicing law while his license was suspended. The trial court entered a take nothing judgment in favor of Sherman. We reverse and remand.

## FACTS

The original proceeding in this case was a State Bar of Texas disciplinary action submitted to the trial court on the following agreed facts, under TEX.R.CIV.P. 263:

1. Petitioner in this cause of action is the State Bar of Texas Commission for Lawyer Discipline.

2. Respondent, David G. Sherman, is an attorney who was licensed to practice in the State of Texas.

3. Respondent is a resident of and has his principal place of practice in Harris County, Texas.

4. Respondent was administratively suspended from the practice of law for failure to pay bar dues from September 1, 1992, until August 8, 1994.

5. Angela Tuttoilmondo retained Respondent on or about March 4, 1993, to represent her in a child custody matter.

6. Respondent represented Angela Tuttoilmondo in Cause Number 91–80704 before the 300th Judicial District Court of Brazoria County, Texas, up to and through trial on the merits, during the period of his administrative suspension.

7. Respondent paid his delinquent bar dues on August 8, 1994, and at that time the administrative suspension was lifted.

Based on these facts, the trial court entered a take nothing judgment in favor of Sherman.[2] In response, the Commission requested findings of fact and conclusions of law, which the trial court filed, indicating the above referenced facts as well as the following conclusions of law:

1. The Court finds that as a matter of law all actions taken by Defendant [Sherman] during his administrative suspension were ratified after he paid his delinquent dues.

2. The Court finds that as a matter of law once the Defendant [Sherman] paid his dues the ratification was retroactive and no professional misconduct occurred.

## DISCUSSION

On appeal, the Commission argues the trial court erred when it (1) entered a take nothing judgment in favor of Sherman because his representation of a client during suspension is undisputed and is professional misconduct that warrants discipline as a matter of law, (2) held that Sherman's misconduct was ratified after he paid his delinquent bar dues, and (3) held the ratification was retroactive and that no professional misconduct occurred. The Commission also contended the trial court erred when it entered conclusions of law inconsistent with the agreed facts. Because these points concern the same issue, we will consider them together.

### *Standard of Review*

■ A case submitted to the trial court upon an agreed stipulation of facts under TEX.R.CIV.P. 263 is in the nature of a special verdict and is a request by the litigants for judgment in accordance with the applicable law. *City of Galveston v. Giles*, 902 S.W.2d 167, 170 (Tex.App.—Houston [1st Dist.] 1995, no writ). The trial court and the reviewing court may not, unless provided otherwise in the agreed statement, find any facts not conforming to the agreed statement. *State Bar of Texas v. Faubion*, 821 S.W.2d 203, 205 (Tex.App.—Houston [14th Dist.] 1991, writ denied). Therefore, the sole question on appeal is, "Did the trial court correctly apply the law to the admitted facts?" *See id.* We find the trial court incorrectly applied the law to the agreed facts.

1. The Honorable Camille Hutson–Dunn, retired Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

2. The State Bar of Texas did not file its original petition in the matter until August 21, 1995, over one year after Sherman paid his dues.

### Effect of Administrative Suspension

 The State Bar Rules of Texas provide for the automatic suspension from the practice of law of any member who is in default of payment of membership fees. *See* STATE BAR RULES art. III, § 5 (1983). Article III, section 5, specifically states that, "Any practice of law during such suspension shall constitute professional misconduct and subject the member to discipline." *Id.* This point is reiterated under Texas Disciplinary Rule of Professional Conduct 8.04(10), which states that a lawyer shall not:

> [E]ngage in the practice of law when the lawyer's right to practice has been suspended or terminated.

TEX. DISCIPLINARY R. OF PROF. CONDUCT 8.04(a)(10) (1990), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. (Vernon Supp.1994) (STATE BAR RULES art. X, § 9).[3]

In this case, the Commission argues that under the State Bar Rules, Sherman committed misconduct by practicing law while suspended, and that this misconduct warrants discipline. Sherman, on the other hand, argues that under Article III, section 7(A) of the State Bar Rules, all actions taken by him during his administrative suspension were ratified after he paid his delinquent dues; once he paid his dues, the ratification was retroactive, and no professional misconduct occurred.

Based on these arguments, the trial court held as matter of law, that all actions taken by Sherman during his administrative suspension were "ratified" after he paid his delinquent dues, and that once he paid his dues, the "ratification" was retroactive and no professional misconduct occurred. We disagree.

The term "ratify" means to approve and sanction an act after it has occurred. We neither find the word ratify in the State Bar Rules, nor do we construe them to imply its meaning. Article III, section 7(A)

states that when a member, who has been suspended for nonpayment of fees, removes the default by payment of those fees, the suspension shall automatically be lifted and the member "restored to former status." STATE BAR RULES art. III, § 7(A) (1983). However, the final sentence of that section specifically provides that the return to former status "shall not affect any proceeding for discipline of the member for professional conduct." *Id.*

Sherman attempts to overcome this obstacle by relying on a line of cases, including *Hill v. State,* 393 S.W.2d 901 (Tex.Crim.App. 1965), which hold that a suspended lawyer is not disqualified from the practice of law. *Id.* at 904. However, these cases do not deal with State Bar disciplinary proceedings and are distinguishable from the case at bar. *See generally Hill v. State,* 393 S.W.2d 901 (Tex. Crim.App.1965) (criminal defendant asserted ineffective assistance of counsel based on suspension of defense counsel failure to pay State Bar dues); *Cantu v. State,* 897 S.W.2d 389 (Tex.App.—Corpus Christi 1994) *rev'd,* 930 S.W.2d 594 (Tex.Cr.App.1996) (criminal defendant asserting denial of right to counsel based on suspension of attorney); *Ex parte Williams,* 870 S.W.2d 343 (Tex.App.—Fort Worth 1994, writ ref'd) (application for writ of prohibition and motion to stay proceedings following mistrial resulting from fact that defense counsel was disbarred). The *Hill* court appears to have recognized this distinction when it stated:

> The rules of the State Bar place the judges of the various trial and appellate courts of this State in a position to refuse a delinquent attorney-member the privilege of practicing law, and these rules do place the lawyer whose name has been stricken from the rolls of the State Bar for non-payment of dues and *who has not been reinstated,* in the position of not being able to practice in this State, and if he persists in doing so,

---

3. In 1994, this rule was reworded and renumbered, and although not effective at the time of the offense, the revised version is illustrative as to the intent of the previous version. The current version states that a lawyer shall not:

 [E]ngage in the practice of law when the lawyer is on inactive status or when the lawyer's right to practice has been suspended or termi-

nated *including situations where a lawyer's right to practice has been administratively suspended for failure to timely pay required fees.* . . .

TEX DISCIPLINARY R. OF PROF. CONDUCT 8.04(a)(11) (1994), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. (Vernon Supp.1996) (STATE BAR RULES art. X, § 9) (emphasis added).

the lawyer's continued practice constitutes the unauthorized practice of law.[4]

*Hill*, 393 S.W.2d at 904 (emphasis in original).

To establish the professional misconduct alleged, the State Bar was required to show conclusively that (1) Sherman was suspended; and (2) that he practiced law while suspended. These facts were agreed to by the parties before the proceeding, pursuant to TEX.R.CIV.P. 263. As a result, Sherman's acts constituted professional misconduct and subjected him to discipline by the State Bar of Texas. *See* STATE BAR RULES art. III, § 5 (1983). The trial court, therefore, had only to determine a suitable discipline. *See Daves v. State Bar of Texas*, 691 S.W.2d 784, 790 (Tex.App.—Amarillo 1985, writ ref'd n.r.e.). Accordingly, we reverse the trial court and remand this case for further disposition in accordance with this opinion.

**4.** We construe this language to imply that when a lawyer-member practices law while his right to practice law has been suspended for failure to timely pay required fees, such practice of law shall constitute professional misconduct and subject the member to discipline. *See* TEX DISCIPLINARY R. OF PROF. CONDUCT 8.04(a)(11) (1992); STATE BAR RULES art. III, § 5 (1983).