NUMBER 13-04-00303-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

 

VICTOR POLANCO,                                                                         Appellant,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                    Appellee.

 

   On appeal from the County Court at Law of Aransas County,
Texas.

 

                       MEMORANDUM OPINION

 

    Before Chief Justice Valdez and Justices Hinojosa and
Rodriguez

                         Memorandum
Opinion by Justice Hinojosa

 








A jury found appellant, Victor Polanco, guilty of
the offense of public lewdness.[1]  The trial court (1) assessed appellant=s punishment at 365 days= confinement in the county jail and a $2,000 fine,
(2) suspended the jail sentence, and (3) placed him on community supervision
for one year.  The trial court has
certified that this is not a plea bargain case, and the defendant has the right
of appeal.  See Tex. R. App. P. 25.2(a)(2).  In two issues, appellant contends the
evidence is insufficient to support his conviction and the trial court erred in
denying his motion to quash the information.  We affirm.

As this is a memorandum opinion not designated for
publication and the parties are familiar with the facts, we will not recite
them here except as necessary to advise the parties of our decision and the
basic reasons for it.  See Tex. R. App. P. 47.4.

                                            A.  Sufficiency
of the Evidence

In his first issue,
appellant contends the evidence is insufficient to support his conviction for
public lewdness.  Specifically, appellant
asserts the evidence is insufficient to establish that the offense occurred in
a Apublic place.@

Appellant does not specify
whether his challenge is to the legal or factual sufficiency of the evidence
and does not discuss the applicable standards of review.  In his prayer for relief, however, appellant
requests an acquittal, which is consistent with a legal sufficiency
challenge.  See Chavero v. State,
36 S.W.3d 688, 693 (Tex. App.BCorpus Christi 2001, no pet.).  Accordingly, we construe this issue as a
challenge to the legal sufficiency of the evidence and do not review the record
for factual sufficiency.  See Cardenas
v. State, 30 S.W.3d 384, 386 n.2 (Tex. Crim. App. 2000) (conducting only
legal sufficiency review where defendant requested acquittal and did not
adequately brief factual sufficiency).

                                                          1.  Standard of Review








When we review the legal
sufficiency of the evidence, we view all the evidence in the light most
favorable to the verdict to determine whether any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319
(1979); Sanders v. State, 119 S.W.3d 818, 820 (Tex. Crim. App.
2003).  We measure the legal sufficiency
of the evidence by the elements of the offense as defined by a hypothetically
correct jury charge.  Malik v. State,
953 S.W.2d 234, 240 (Tex. Crim. App. 1997). 
Such a charge would be one that accurately sets out the law, is
authorized by the charging instrument, does not unnecessarily increase the
State=s burden of proof or unnecessarily restrict the
State=s theories of liability, and adequately describes
the particular offense for which the defendant was tried.  Id.

                                                                    2.  Analysis

A person commits the offense
of public lewdness if the person knowingly engages in an act of sexual contact
in a public place.  See Tex. Pen. Code Ann. ' 21.07(a)(3) (Vernon 2003).  The information alleged that appellant
knowingly engaged in an act of sexual contact, by grabbing the breast of the
female victim, in a public place. 

The record shows that the
victim and her husband operate a boat repair shop.  On October 20, 2003, the victim was alone in
the shop, working in her office. 
Appellant, a long-time acquaintance of the victim and her husband,
entered the victim=s office. 
After engaging in conversation with the victim, appellant made
physically aggressive sexual advances towards her.  The victim testified that appellant pinned
her down, Aand then with his left hand he reached over and
grabbed me by the breast and started fondling me.@








Appellant contends the
evidence is insufficient to show that the offense occurred in a Apublic place.@  The Texas
Penal Code defines Apublic place@ as any place to which the public or a substantial
group of the public has access, and specifically sets forth a non-exhaustive
list of public places.  See Tex. Pen. Code Ann. ' 1.07 (Vernon Supp. 2004-05).  Common areas of shops constitute an example
of a public place.  See id.  The court of criminal appeals has held that A[o]ther areas of shops which are not >common areas= could be public places.  Thus, an accused could be convicted of public
lewdness even if the illegal act was performed in a >shop= but the exact location of the act was not in a >common= area of that >shop.=@  Green v.
State, 566 S.W.2d 578, 585 (Tex. Crim. App. 1978).

The record shows that on the
day of the incident, the victim was alone in the building and was responsible
for taking care of all incoming customers. 
Her office door is approximately three or four feet from the building=s front entrance and was open at the time of the
incident.  On cross-examination, the
victim admitted that customer business is typically handled outside of her
office.  We conclude, however, that this
admission does not preclude a jury from finding that the victim=s office is a public place.  See id.

Viewing the evidence in the
light most favorable to the jury=s verdict, we conclude that any rational trier of
fact could have found the essential elements of the offense beyond a reasonable
doubt.  Accordingly, we hold the evidence
is legally sufficient to support appellant=s conviction for public lewdness.  Appellant=s
first issue is overruled.

                                                         B.  Motion
to Quash

In his second issue, appellant
complains the trial court erred in denying his motion to quash the
information.  Specifically, appellant
contends the information does not allege that the sexual contact was done with
the intent to arouse or gratify the sexual desire of any person.








If a defendant does not
object to a defect, error, or irregularity of form or substance in the charging
instrument before the date on which the trial on the merits commences, such
complaints are waived.  See Tex. Code Crim. Proc. Ann. art. 1.14(b)
(Vernon 2003); Satterwhite v. State, 952 S.W.2d 613, 615 (Tex. App.BCorpus Christi 1997), aff=d, 979
S.W.2d 626 (Tex. Crim. App. 1998).

The record reflects that
appellant filed his motion to quash on May 18, 2004, the date the jury was
seated and sworn.  In accordance with
article 1.14(b), that was the date the trial Acommenced.@  See
Satterwhite, 952 S.W.2d at 615; Hinojosa v. State, 875 S.W.2d 339,
342 (Tex. App.BCorpus Christi 1994, no pet.) (holding that Atrial on the merits commences at the time that the
jury is impaneled and sworn@).  

Because he failed to object before
the date on which the trial on the merits commenced, we hold appellant waived
this complaint.  We overrule appellant=s second issue.

The judgment of the trial
court is affirmed.

 

FEDERICO G. HINOJOSA

Justice

 

 

Do not publish. 
See Tex. R. App. P.
47.2(b).

 

Memorandum Opinion delivered and filed this

the 4th day of August, 2005.

 











[1] See Tex. Pen.
Code Ann. ' 21.07 (Vernon 2003).